J-A05033-21

2021 PA Super 81

| PAUL RAHN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CONSOLIDATED RAIL CORPORATION | : | No. 3500 EDA 2019 |

Appeal from the Order Entered October 16, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 180200568

BEFORE: OLSON, J., NICHOLS, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED: APRIL 29, 2021**

Appellant Paul Rahn ("Mr. Rahn") appeals from the order granting the motion filed by Consolidated Rail Corporation ("Consolidated Rail") to dismiss Mr. Rahn's complaint filed in the Court of Common Pleas of Philadelphia County based on the doctrine of *forum non conveniens*, for re-filing in a more appropriate forum. After careful review, we affirm.

The relevant facts and procedural history are as follows: Mr. Rahn is a non-resident of Pennsylvania and currently lives in Chicago, Illinois. He instituted this action pursuant to the Federal Employers' Liability Act (FELA)[1] against Consolidated Rail, which is incorporated in Pennsylvania with a principal place of business in Philadelphia. Mr. Rahn averred Consolidated Rail also conducts business in and has substantial contacts with Philadelphia. He also specifically claimed that Consolidated Rail is "engaged in interstate

---

[*] Former Justice specially assigned to the Superior Court.
[1] 45 U.S.C. §§ 51-60.

commerce as a common carrier by rail, operating a line and system of railroads and transacting substantial business in the Commonwealth of Pennsylvania, including Philadelphia County."[2]  Mr. Rahn's Amended Complaint, filed 4/11/2018 (unpaginated).[3]

Mr. Rahn averred in his amended complaint that, from 1978 to 1996, he was employed by Consolidated Rail as a trainmaster at rail yards in Chicago, IL, Indianapolis, IN, Burns Harbor, IN, Detroit, MI, Kalamazoo, MI, Dearborn, MI, Cleveland, OH, Columbus, OH, and Youngstown, OH. *Id*. He further claimed that, because of his job duties, he was exposed to cancer-causing substances, which resulted in his development of lymphoma. *Id*. He posited that Consolidated Rail was negligent in failing to provide him with a reasonably safe workplace as required under the relevant statute. *Id*.

Mr. Rahn also stated in his amended complaint that he worked for Consolidated Rail as a trainmaster at rail yards in Philadelphia, PA. *Id*. He subsequently averred in discovery that "his cancer was caused or contributed from his exposure to toxic substances while working with [Consolidated Rail] in Philadelphia." Responses to Consolidated Rail's Request for Admissions (unpaginated).  However, in his April 23, 2019 deposition taken in Illinois, Mr.

_____

[2] In July of 1998, the Surface Transportation Board approved a plan by which CSX Transportation and Norfolk Southern Corporation acquired Consolidated Rail through a joint stock purchase, and they split most of Consolidated Rail's assets between them.  CSX Transportation and Norfolk Southern Corporation took administrative control of Consolidated Rail on August 22, 1998.
[3] Mr. Rahn initially filed a complaint on February 8, 2018; however, he filed an amended complaint with court permission on April 11, 2018.

Rahn admitted that, while he worked for Consolidated Rail in Philadelphia and Pittsburgh near the end of his career, he was not exposed to harmful substances during this time period in which he worked a desk job. Mr. Rahn's Deposition, 4/23/19, 147, 172-79.

On July 22, 2019, Consolidated Rail filed a motion to dismiss under 42 Pa.C.S.A. § 5322(e) and the doctrine of *forum non conveniens*. In support of its motion, Consolidated Rail attached Mr. Rahn's deposition testimony, his answers to Consolidated Rail's First Set of Interrogatories, and his answers to Consolidated Rail's Request for Admissions. Consolidated Rail also attached an affidavit from Lauren Lamp, Field Investigations Specialist for CSX Transportation.[4]

Relevantly, in the motion to dismiss, Consolidated Rail emphasized that Mr. Rahn resides in Chicago, Illinois, where he has lived for the majority of his life. Consolidated Rail's Motion to Dismiss, filed 7/22/19, at 2, 6. Consolidated Rail stressed that while Mr. Rahn initially claimed that he was exposed to harmful substances while working for Consolidated Rail in Philadelphia, Mr. Rahn eventually conceded that his alleged workplace exposures occurred outside of Pennsylvania in Illinois, Indiana, Michigan, and Ohio. *Id*. at 2, 15.

As such, Consolidated Rail asserted that all of the relevant witnesses and sources of proof to Mr. Rahn's claims are located outside of Pennsylvania.

---

[4] As CSX Transportation assumed administrative control of Consolidated Rail, Ms. Lamp was authorized to evaluate Consolidated Rail's employee records in her position with CSX Transportation. **See supra** note 2.

Consolidated Rail pointed out that Mr. Rahn admitted in his deposition that he will not be able to travel to Philadelphia for trial due to an ailment in his legs and vertigo. *Id*. at 2, 14. In fact, Consolidated Rail pointed out that Mr. Rahn's deposition had to be taken in Illinois as he could not travel to Pennsylvania as a result of his health.

Consolidated Rail pointed out that Mr. Rahn was neither diagnosed or treated for his lymphoma in Pennsylvania, and thus, Consolidated Rail provided the names of his seven diagnosing and treating physicians, all of whom are located in Illinois. *Id*. at 9.

Consolidated Rail claimed Mr. Rahn had not identified any co-workers or supervisors located in Pennsylvania with information about the conditions in which Rahn worked in which he was allegedly exposed to toxic substances. *Id*. at 15-16. While Mr. Rahn identified three individuals who he worked with in Pennsylvania, Consolidated Rail argued that these individuals would have no knowledge relevant to Mr. Rahn's claims as he admits that his exposure did not occur while he worked in Pennsylvania at a desk job. *Id*.

Moreover, Consolidated Rail indicated that the witnesses Mr. Rahn identified that could potentially have knowledge relevant to his claims do not reside in Pennsylvania. Consolidated Rail pointed to Ms. Lamp's affidavit acknowledging that Mr. Rahn worked with several co-workers and supervisors in the locations outside of Pennsylvania where he alleges he was exposed to toxic substances; these coworkers included K. Jensen, L. Schmidt, L. Makowski, R.J. Rathje, and D. Rines. *Id*. at 15. Ms. Lamp determined that

Consolidated Rail's records indicated that none of these witnesses lived in Pennsylvania but had the following last known addresses: K. Jensen (Burbank, Illinois), L. Schmidt (Valparaiso, Indiana), L. Makowski (Cheektowago, New York), R.J. Rathje (East Liverpool, Ohio), and D. Rines (Grand Blanc, Michigan), Ms. Lamp indicated that any yet-to-be-identified co-workers and supervisors of Mr. Rahn would not be expected to have worked, been based in or lived in Pennsylvania.

Ms. Lamp also averred that Mr. Rahn's personnel file with Consolidated Rail is not housed in Pennsylvania as many of Consolidated Rail's records were transferred to CSX Transportation, which is headquartered in Jacksonville, Florida, and microfilms of Consolidated Rail's personnel files are stored in Mount Laurel, New Jersey. *See supra* note 2.

Consolidated Rail contended that holding this litigation in Philadelphia would prevent the parties from showing the jury the condition of the railyards outside of Pennsylvania where Mr. Rahn worked and was allegedly exposed to toxic substances. Consolidated Rail argued that a site visit to a rail yard in Illinois would "allow a jury to see the openness of the environment in which [Mr. Rahn] alleges exposures and how his worksites markedly differ from [Mr. Rahn's] own account." Consolidated Rail's Motion to Dismiss, filed 7/22/19, at 18.

Consolidated Rail also argued that public interest factors weigh heavily in favor of dismissal of the instant case as Philadelphia County is suffering from court congestion, administrative difficulties, and an undue burden on

juries due to an exponential increase in the filing of mass tort cases by out-of-state plaintiffs. *Id*. at 22-23.

Based on the aforementioned arguments, Consolidated Rail averred the instant action has no *bona fide* connection to Pennsylvania, and dismissal of the action is proper since there is a more convenient forum where litigation could be conducted more easily, expeditiously, and inexpensively. Additionally, Consolidated Rail reasoned the only connection between Pennsylvania and the instant matter is that Consolidated Rail has its headquarters in Pennsylvania. However, Consolidated Rail argued this connection is unrelated to Mr. Rahn's claim that he suffered injury in connection with his employment in Illinois, Indiana, Michigan, and Ohio.

Moreover, Consolidated Rail agreed to waive the statute of limitations if Mr. Rahn re-filed his action in Cook County, Illinois, or another appropriate venue, within ninety days of the dismissal of the suit in Philadelphia, and agreed not to object on the basis of venue or personal jurisdiction if the matter was re-filed in Cook County, Illinois, or some other proper forum.

On August 12, 2019, Mr. Rahn filed a response in opposition to Consolidated Rail's motion to dismiss for *forum non conveniens*, as well as a supporting memorandum. Therein, Mr. Rahn admitted he did not live, own property, or receive medical treatment in Pennsylvania. While Mr. Rahn indicated in his prior deposition that he did not believe he could travel to Philadelphia due to health problems, he indicated that he intends to attend trial in this matter even though his "ailments make travel difficult." Mr. Rahn's

Response to Consolidated Rail's Motion to Dismiss, filed 8/12/19, ¶ 1(b) (unpaginated response).

Moreover, Mr. Rahn admitted that he was injured in relation to workplace exposure that occurred outside of Pennsylvania and agreed that his former co-workers and supervisors do not reside in Pennsylvania. However, Mr. Rahn denied that all of his fact witnesses are located outside of Pennsylvania. Specifically, he indicated:

> [Mr. Rahn] intends to call four former [Consolidated Rail] employees who worked in the Philadelphia headquarters. [Mr. Rahn] intends to call Marcia Comstock (medical director, resides in Wayne, PA), William Barringer (safety director), Ramon Thomas (industrial hygienist), and Paul Kovac (occupational claims manager). Mr. Thomas and Mr. Kovac also reside in the Philadelphia area.

*Id*. ¶ 1(d) (unpaginated response). Mr. Rahn elaborated that he intended to call the four former corporate witnesses because they "will testify to policies crafted and implemented by [Consolidated Rail]." *Id.* ¶ 37, 130. Moreover, Mr. Rahn claimed that Consolidated Rail's "corporate headquarters is the center of where policy decisions were made and implemented regarding safety rules and regulations that directly led to [Mr. Rahn's] cancer. *Id*. at ¶ 125.

Mr. Rahn contended the current conditions of his workplaces at the train yards in Illinois or other locations are irrelevant to his working conditions when he worked for Consolidated Rail from 1978 to 1996. *Id.* at ¶ 89. Moreover, he averred that, as Consolidated Rail is incorporated in Pennsylvania and its headquarters is located in Philadelphia, it is "undeniable that a Philadelphia

jury has an interest in determining whether a corporate neighbor was negligent." *Id.* at ¶ 116. He posited that Philadelphia has judicial resources and experience with FELA cases to ensure a just trial.

On August 16, 2019, the trial court filed an order directing the parties to file supplemental briefs on Consolidated Rail's motion to dismiss based on *forum non conveniens*. The trial court indicated that the parties were permitted to conduct discovery limited to the issue of *forum non conveniens*, to include both affidavits and depositions as the parties deemed necessary.

Both parties filed supplemental briefs in support of their positions. In a supplemental brief filed on October 15, 2019, Mr. Rahn claimed for the first time that dismissal of the action based on *forum non conveniens* principles was not appropriate as discovery was complete and the case was trial-ready. Consolidated Rail responded that the delay in its filing of its motion to dismiss was caused by Mr. Rahn's filings which misled Consolidated Rail into believing that his claims were based on allegations that Mr. Rahn was exposed to toxic substances while working in Philadelphia. Consolidated Rail emphasized that after Mr. Rahn admitted for the first time in his deposition that his claims of exposure were not related to his employment in Pennsylvania, Consolidated Rail filed its motion to dismiss promptly thereafter.[5]

_____

[5] In his supplemental brief, Mr. Rahn did not confirm or deny whether he would be able to appear in Philadelphia for trial, but merely indicated that "[Consolidated Rail] alleges that because [Mr. Rahn] resides in Chicago, he

On October 16, 2019, the trial court granted Consolidated Rail's motion to dismiss the instant action based on *forum non conveniens* and dismissed Mr. Rahn's complaint without prejudice to his right to re-file in Illinois, or some other appropriate jurisdiction.

On November 15, 2019, Mr. Rahn filed a notice of appeal. On November 20, 2019, the trial court filed an order directing Mr. Rahn to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). The order contained the following language:

> …it is hereby ORDERED and DECREED that [Appellant] Paul Rahn forthwith file and serve on this Court a concise Statement of Errors Complained of on Appeal in accordance with Rule 1925(b)(1) of the Pennsylvania Rules of Appellate Procedure addressing the jurisdictional basis for its appeal. Said statement is to be filed no later than twenty-one (21) days from the date of this order. Any issue not properly included in the Statement timely filed and served pursuant to Rule 1925(b) shall be deemed waived.

Rule 1925(b) order, 11/20/19, at 1. The order did not specifically instruct Mr. Rahn to serve the trial *judge* with his 1925(b) statement and did not contain certain information required by Pa.R.A.P. 1925(b)(3)(iii).

---

cannot travel to Philadelphia due to his health." Mr. Rahn's Supplemental Brief, 10/15/19, at 2. Just hours later, Consolidated Rail filed a Second Supplemental Brief, attaching an email sent by Mr. Rahn's counsel on October 15, 2019, indicating that he intended to take Mr. Rahn's trial deposition testimony in the same location in Chicago, Illinois, that the parties took Mr. Rahn's discovery deposition. Consolidated Rail argued that Mr. Rahn's counsel had been dishonest in withholding this information from the court when he claimed in opposition to the motion to dismiss that Mr. Rahn intended to attend trial in Philadelphia. Consolidated Rail's Second Supplemental Brief, 10/15/19, at 2.

While Mr. Rahn timely filed his Rule 1925(b) statement on December 10, 2019 in an electronic filing with the court, he did not serve the trial judge with his 1925(b) statement until January 29, 2020. The trial judge issued a responsive decision pursuant to Pa.R.A.P. 1925(a), but did not address Mr. Rahn's failure to timely serve him with the Rule 1925(b) statement.

Initially, before we reach the merits of Mr. Rahn's arguments on appeal, we must review Consolidated Rail's request for this Court to dismiss the appeal based on the undisputed fact that Mr. Rahn failed to serve his Rule 1925(b) statement on the trial judge in a timely matter.  Mr. Rahn asks this Court not to dismiss this appeal as he "substantially complied with the trial court's 1925 order."  Mr. Rahn's Response to Application to Dismiss, 3/27/20, at 3.

On June 24, 2019, the Pennsylvania Supreme Court entered an order amending Rule 1925, effective October 1, 2019. *See* 49 Pa.B. 3867 (2019). In particular, the amendments to the Rule 1925 included clarification that an order which directs appellant to file a concise statement must also provide information as to the location where the appellant can serve the judge in person and the address where the appellant can mail the statement.

The current version of Rule 1925, which was in effect at the time the trial court ordered Mr. Rahn to file his statement, states in relevant part:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.** If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to

file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

(1) *Filing and service.* The appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record shall be as provided in Pa.R.A.P. 121(a) and, if mail is used, shall be complete on mailing if the appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). ***Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order***. Service on the parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

(2) *Time for filing and service.*

(i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed.

\*\*\*

(3) *Contents of order.* ***The judge's order directing the filing and service of a Statement shall specify:***

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) ***that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge***; and

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

- 11 -

Pa.R.A.P. 1925(b) (emphasis added).

Our courts have consistently held that "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925." *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting *Commonwealth v. Lord*, [553 Pa. 415, 420,] 719 A.2d [306,] 309 [(1999)]). In *Forest Highlands Community Ass'n v. Hammer*, 879 A.2d 223, 229 (Pa.Super. 2005), this Court found that the appellant waived her issues on appeal by failing to serve the trial judge with her court-ordered Rule 1925(b) statement. This Court held that the service requirements in Rule 1925(b) are not satisfied when the appellant simply mails his 1925(b) to the presiding judge of the court or merely files the statement with the prothonotary, emphasizing that it is not the trial court's responsibility to manually search the prothonotary's files. *Id*.

However, our courts have recognized that:

there are still operative exceptions to Rule 1925(b) waiver with regard to timeliness. "[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation ... therefore, we look first to the language of that order." *In re Estate of Boyle*, 77 A.3d 674, 676 (Pa.Super.2013) (citing *Berg v. Nationwide Mutual Ins. Co.*, 607 Pa. 341, 6 A.3d 1002, 1007–08 (2010)).

*Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa.Super. 2014).

- 12 -

This Court has summarized the Opinion Announcing the Judgment of the Court (OAJC) in **Berg** as follows:

> In **Berg**, our Supreme Court considered whether an appellant's failure to personally serve on a trial judge a court-ordered 1925(b) statement, in accordance with Pa.R.A.P. 1925, results in waiver of all issues, where the court's order itself does not comply with Rule 1925.... A plurality of our Pennsylvania Supreme Court held that, in contravention of Rule 1925(b)(3), the express language of the 1925(b) order did not instruct the appellants to serve a copy of their 1925(b) Statement on the trial judge; rather, it directed them to file copies ... with the court and with the trial judge. Accordingly, it concluded, the appellants substantially complied with the court's order by attempting to provide the prothonotary with two time-stamped copies of [their] 1925(b) statement, with one to be served on the trial judge.

**Commonwealth v. Jones**, 193 A.3d 957, 961 (Pa.Super. 2018) (quoting **Estate of Boyle**, 77 A.3d 674, 678 (Pa.Super. 2013) (cleaned up)).  The OAJC in **Berg** also stated that "where the trial court's order is inconsistent with the requirements of Rule 1925(b)(3)(iii), we hold that the waiver provisions of subsection (b)(4)(vii) do not apply."  **Berg**, 607 Pa. at 356, 6 A.3d at 1011 (2010).

In **Jones**, this Court declined to quash the appeal even though the Commonwealth failed to properly serve the trial judge with its Rule 1925(b) statement as this Court found the trial judge's order was deficient in failing to adequately inform the Commonwealth of its obligations under Rule 1925. **Jones**, 193 A.3d at 962-963.  In particular, this Court noted the trial court's order did not specify that the "Statement shall be served *on the judge* pursuant to paragraph (b)(1)" as required by Pa.R.A.P. 1925(b)(3)(iii), but

only indicated the statement was to be filed and served "with the court." *Id*. at 962. As such, this Court found that the order was ambiguous in that it used the phrase "the court" without distinguishing between the Court of Common Pleas as the court of record and "the court" in reference to the trial judge. *Id*.

In this case, the trial court entered an order in this case stating that Mr. Rahn was required to "file and serve on this Court a concise Statement of Errors Complained of on Appeal in accordance with Rule 1925(b)(1) of the Pennsylvania Rules of Appellate Procedure addressing the jurisdictional basis for its appeal." Rule 1925(b) order, 11/20/19, at 1.

The trial court's order fails to satisfy the requirements set forth in Rule 1925(b) in two ways. First, the order does not specify "that the Statement shall be served *on the judge* pursuant to paragraph (b)(1)" as required by Rule 1925(b)(3)(iii) but simply directed Mr. Rahn to file and serve the Statement on the Court. Similar to *Jones*, the trial court's order was ambiguous to the extent that it did not distinguish between the Court of Common Pleas and the trial judge when using the term "this Court."

Second, the order did not satisfy the requirements set forth in the 2019 amendments to Rule 1925 which state that the order directing an appellant to comply with Rule 1925 must specify "the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement." *See* Pa.R.A.P. 1925(b)(3)(iii). As such, the trial judge failed to

- 14 -

follow the express requirement of the amended Rule 1925(b) to provide Mr. Rahn with specific information on how to serve his 1925(b) statement.

In light of these defects in the order, we decline to quash the appeal. We need not address Mr. Rahn's assertion that he substantially complied with Rule 1925 in submitting his Concise Statement in a timely electronic filing and providing the trial court with a copy of the statement after the relevant period for filing had elapsed. As the order at issue did not specifically direct Mr. Rahn to serve the trial judge with the statement or contain the requisite information notifying Mr. Rahn where to serve the trial judge, we will not deem Mr. Rahn's issues waived as the trial court's 1925(b) order is itself deficient.

Turning to the merits of the appeal, Mr. Rahn set forth the following issues in his "Statement of Questions" (verbatim):

1. Whether the Trial Court abused its discretion in granting [Consolidated Rail's] Motion to Dismiss on the eve of trial.
2. Whether the Trial Court abused its discretion in finding that weighty reasons existed to support dismissal under the doctrine of *forum non conveniens*.

Mr. Rahn's Brief at 2.

In reviewing the trial court's decision to grant Consolidated Rail's motion to dismiss, we are guided by the following relevant principles:

> Orders on motions to dismiss under the doctrine of *forum non conveniens* are reviewed for an abuse of discretion. This standard applies even where jurisdictional requirements are met. Moreover, if there is any basis for the trial court's decision, the decision must stand.
>
> An abuse of discretion occurs if, *inter alia*, there was an error of law or the judgment was manifestly unreasonable. When

reviewing for errors of law, the appellate standard of review is *de novo* and the scope of review is plenary.

> In Pennsylvania, the doctrine of *forum non conveniens*, which originated in Common Law, has been codified by statute:

> > **Inconvenient forum.-**When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

> 42 Pa.C.S.A. § 5322(e).

*Hovatter v. CSX Transportation, Inc.*, 193 A.3d 420, 424 (Pa.Super. 2018) (quotation marks, quotations, and citations omitted).[6]

The doctrine of *forum non conveniens* "provides the court with a means of looking beyond technical considerations such as jurisdiction and venue to determine whether litigation in the plaintiff's chosen forum would serve the interests of justice under the particular circumstances." *Alford*, 531 A.2d at 794 (citation omitted).

> The two most important factors the trial court must apply when considering whether dismissal is warranted are that "1.) the plaintiff's choice of forum should not be disturbed except for 'weighty reasons,' and 2.) there must be an alternate forum available or the action may not be dismissed."

> ***

> [W]ith respect to the initial factor, we note that "a court may find that the presumption in favor of a plaintiff's choice of forum may be less stringently considered when the plaintiff has chosen a foreign forum to litigate his or her claims." Furthermore,

---

[6] Our courts lack the authority to transfer matters to courts of our sister states; but rather, when appropriate, our courts should dismiss the action to permit re-filing in another state. *See Alford v. Philadelphia Coca-Cola Bottling Co., Inc.*, 531 A.2d 792 (Pa.Super. 1987).

To determine whether such "weighty reasons" exist as would overcome the plaintiff's choice of forum, the trial court must examine both the private and public interest factors involved. ***Petty v. Suburban General Hospital***, 525 A.2d 1230, 1232 (Pa.Super. 1987). The ***Petty*** Court reiterated the considerations germane to a determination of both the plaintiff's private interests and those of the public as defined by the United States Supreme Court in ***Gulf Oil Corp. v. Gilbert***, 330 U.S. 501, 67 S.Ct. 839 (1947). They are:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the actions; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial.
>
> ***
>
> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is appropriateness, too, in having the trial…in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

***Hovatter***, 193 A.3d at 424-25 (quotations and citations omitted).

- 17 -

Instantly, as the trial court concluded, the second factor pertaining to the existence of an alternate forum is not at issue in the case *sub judice*. **See Hovatter**, **supra**. That is, it is undisputed there is an alternate forum (Illinois) available. Moreover, Consolidated Rail has stipulated to waive the statute of limitations, as well as not object on the basis of venue or personal jurisdiction, if Mr. Rahn re-files in an appropriate jurisdiction.

Accordingly, we instead focus on the "weighty reasons" factor in the trial court's analysis of Consolidated Rail's motion to dismiss for *forum non conveniens*. In this regard, we note Mr. Rahn contends the trial court abused its discretion in finding Consolidated Rail demonstrated "weighty reasons" to overcome his choice of forum. He specifically avers that his case is indistinguishable from **Robbins for Estate of Robbins v. Consolidated Rail Corporation**, 212 A.3d 81 (Pa.Super. 2019). Consolidated Rail, on the other hand, contends Mr. Rahn's case is more akin to **Wright v. Consolidated Rail Corporation**, 215 A.3d 982 (Pa.Super. 2019).

In **Wright**, the trial court denied the motion to dismiss Mr. Wright's complaint based on *forum non conveniens*, and Consolidated Rail and CSX Transportation appealed. In that case, Mr. Wright was a non-resident of Pennsylvania, he had been a car inspector at the DeWitt Train Yard in Syracuse, New York, and he averred that, as a direct result of his job duties, he suffered repetitive stress injuries to both shoulders. **See Wright**, **supra**.

Moreover, Mr. Wright lived in New York while working for the railroad companies from 1974 to 2014, but moved to South Carolina upon retirement. All of his treating physicians and medical files were located in New York, New Jersey, or Florida, and all of his fact witnesses were former or current railroad workers who resided outside of Pennsylvania. *See Wright*, *supra*.

Accordingly, based on the record in *Wright*, this Court held the trial court abused its discretion in denying Consolidated Rail's and CSX Transportation's motion to dismiss based on *forum non conveniens*. In so holding, we noted the trial court erred in giving great deference to Mr. Wright's choice of forum and incorporating "plaintiff-friendly" Pa.R.C.P. 1006(d) venue standards into the analysis.[7] *Id.* at 992. Further, we noted the trial court erred in concluding that Consolidated Rail's and CSX Transportation's sworn affidavits were insufficient regarding the New York residency of their witnesses. *Id.* at 993. We specifically held that "inasmuch as the trial court determined there is no dispute that [] Wright worked for [Consolidated Rail and CSX Transportation] exclusively in New York, [the] assertion in [their] affidavits that most or all of [their] witnesses reside primarily, if not exclusively, in New York does not require additional record support." *Id.* at 993-94. Accordingly, we reversed and remanded as it pertained to the trial

---

[7] As this Court acknowledged in *Wright*, "a defendant bears a heavier burden under Pa.R.C.P. 1006(d)(1), which permits [intrastate] forum transfers only when the defendant establishes that a plaintiff's chosen forum is oppressive and vexatious for the defendant." *Wright*, 215 A.3d at 992.

court's consideration of Consolidated Rail's and CSX Transportation's affidavits and evidentiary burden. *Id.*

In **Robbins**, **supra**, Consolidated Rail and Penn Central filed a motion to dismiss for *forum non conveniens* because the decedent's injuries occurred in Indiana and their two proposed witnesses were located outside of Pennsylvania. In response to the motion to dismiss, the plaintiff averred he intended to call four witnesses, who were previous employees of Consolidated Rail in Philadelphia: Dr. Comstock, Mr. Barringer, Mr. Thomas, and Mr. Kovac (the same four witnesses Mr. Rahn avers he plans to call at trial in this case).

Additionally, the plaintiff argued that "although the decedent worked at the train yard in Indiana, the policies and procedures related to the decedent's exposure to chemicals and cancer-causing substances were determined at Consolidated Rail's headquarters in Philadelphia." **Robbins**, 212 A.3d at 85-86. Moreover, the plaintiff argued the viewing of the work site would not be desirable, and in fact, would be dangerous to a jury. *Id.* at 86. Following a hearing, the trial court denied the motion to dismiss.

On appeal in **Robbins**, Consolidated Rail and Penn Central argued, *inter alia*, that the trial court abused its discretion in weighing the public and private factors, and thus, erred in finding there were insufficient "weighty reasons" to grant the motion to dismiss. This Court disagreed and held the following:

> With regard to the private factors, the trial court relevantly concluded there was no evidence that Indiana would provide easier access to the decedent's employment records, which are housed in New Jersey and/or Florida. Further, with regard to the

cost of obtaining the attendance of willing witnesses and the availability of compulsory process for obtaining the attendance of unwilling witnesses, the trial court noted [Consolidated Rail and Penn Central] identified two potential witnesses, both of whom were [] former employees: [] Mason, who resides in Illinois, and [] Toney, who resides in [Indiana]. [] Robbins, on the other hand, identified four fact witnesses, all of whom reside in Pennsylvania and were former Consolidated Rail employees. Additionally, the trial court noted [Consolidated Rail and Penn Central] conceded that it is unlikely any party would seek a request to view the train yard at issue.

With regard to the public factors, and Pennsylvania's connection to the lawsuit, it is noteworthy that [] Robbins averred that, although he worked at the train yard in Indiana, the policies and procedures related to his exposure to chemicals and cancer-causing substances were determined at Consolidated Rail's headquarters in Philadelphia. Thus, as the trial court concluded, Pennsylvania citizens have a relation to the litigation.

Based on the aforementioned, we conclude the trial court did not abuse its discretion in weighing the private and public factors. We note it is within the trial court's discretion to weigh some factors more heavily than others and weighing the factors is "not an exercise in counting numbers." **Bochetto v. Dimeling, Schreiber & Park**, 151 A.3d 1072, 1083 (Pa.Super. 2016). Because [Consolidated Rail and Penn Central] have not met their burden, we affirm.

**Robbins**, 212 A.3d at 90 (footnote omitted).

Furthermore, in **Robbins**, we distinguished the facts of Robbins' case from **Hovatter**, **supra**. In this regard, this Court held:

To the extent [Consolidated Rail and Penn Central] aver the facts of this case are indistinguishable from **Hovatter**, **supra**, we disagree. In **Hovatter**, this Court held the trial court erred in failing to dismiss the plaintiff's action, which was filed in Pennsylvania, under the doctrine of *forum non conveniens*. However, in the instant matter, unlike in **Hovatter**, there were Pennsylvania witnesses identified by a party and a viewing of the site was not at issue. Further, we note in the case *sub judice*, unlike in **Hovatter**, [] Robbins specifically averred the policies and procedures related to the decedent's exposure to alleged

- 21 -

chemical/cancer-causing substances were developed by [Consolidated Rail] at its headquarters in Philadelphia. There was no such allegation made in **Hovatter** as to CSX Transportation (the sole defendant in **Hovatter**).

**Robbins**, 212 A.3d at 90 n.8.

Recently, in **Ficarra v. Consolidated Rail Corporation**, 242 A.3d 323 (Pa.Super. 2020), this Court examined the holdings of **Wright**, **supra**, and **Robbins**, **supra**. We note that **Ficarra** involved nine different plaintiffs, and we consolidated the cases in this Court. In all nine cases, the trial court denied the railroad defendants' motions to dismiss. On appeal, we reversed the orders in eight of the cases and concluded the trial court abused its discretion in holding the defendants did not provide sufficient "weighty reasons" for dismissal. **See id.** However, we affirmed the trial court's decision to deny the motion to dismiss in one of the consolidated cases involving plaintiff William R. Anderson. We discuss this particular case in further detail below.

In **Ficarra**, the record demonstrated that none of the plaintiffs resided in Pennsylvania, and all of the plaintiffs worked for the railroad companies outside of Pennsylvania from 1953 to 2012. In its motion to dismiss, the railroad companies averred that none of the potential fact witnesses or sources of proof resided in Pennsylvania; the railroad companies would be unable to avail themselves of compulsory process for attendance of unwilling non-Pennsylvania witnesses; there would be a high cost of obtaining attendance of willing out-of-state witnesses; a fact-finder in Pennsylvania would be unable to view easily the plaintiffs' work premises; and there would

be a burden on Pennsylvania courts, taxpayers, and jury pool. ***Ficarra***, ***supra***.

In response, the plaintiffs argued they intended to call the same witnesses as the plaintiff in ***Robbins***: Dr. Comstock, Mr. Barringer, Mr. Thomas, and Mr. Kovac. Based on the record before it, the trial court determined that the plaintiffs' four witnesses had worked for Consolidated Rail, but only Dr. Comstock undisputedly continued to reside in Pennsylvania. ***See Ficarra***, ***supra***. Moreover, the trial court determined that all of the plaintiffs' former co-workers and supervisors, who were potential witnesses, lived outside of Pennsylvania, the plaintiffs' injuries occurred outside of Pennsylvania, and the plaintiffs' physicians, as well as medical records, were outside of Pennsylvania. ***See id.***

Based on the aforementioned, the trial court in ***Ficarra*** denied the railroad companies' motions to dismiss based on *forum non conveniens*; however, in its subsequent Pa.R.A.P. 1925(a) opinions, the trial court opined that it should have granted the railroad companies' motions in eight of the cases, but continued to ask this Court to affirm its decision to deny Consolidated Rail's motion to dismiss in the case involving plaintiff Anderson. ***See id.*** Upon review, this Court agreed.

Specifically, we acknowledged the plaintiffs in ***Ficarra***, similar to the plaintiff in ***Robbins***, listed Comstock, Barringer, Thomas, and Kovac as four witnesses they intended to call at trial. We also acknowledged that "at first

glance [the] plaintiffs' cases strikingly resemble **Robbins**." **Ficarra**, 242 A.3d at 336. However, we concluded there were two important distinctions between **Ficarra** and **Robbins**.

Namely, in **Robbins**, the plaintiff set forth a specific argument that Consolidated Rail developed policies and procedures in its Philadelphia office that created the conditions leading to the plaintiff's injuries; however, in **Ficarra**, the plaintiffs provided scant argument as to the relevance of the former Consolidated Rail employees' testimony. Furthermore, based on the record in **Robbins**, the trial court found all four of the former Consolidated Rail employees resided in Pennsylvania; however, based on the record, the trial court in **Ficarra** found only Dr. Comstock resided in Pennsylvania.

Accordingly, in **Ficarra**, this Court relevantly held:

> [W]e conclude the trial court abused its discretion in applying the wrong evidentiary burden. However, given the records before it in these cases, we agree with the trial court's re-analysis and find these cases distinguishable from **Robbins**. All of [the] plaintiffs' former co-workers, supervisors, and diagnosing and treating physicians reside outside Pennsylvania. The work sites are outside Pennsylvania. The only connection to Pennsylvania relevant to [the] plaintiffs' claims is that four individuals who used to work in Philadelphia were allegedly involved in the drafting and implementation of procedures that led to [the] plaintiffs' injuries. However, on the record before the trial court, only one of those witnesses undisputedly resides in Pennsylvania currently. Moreover, [the] plaintiffs largely failed to explain the relevance of the former employees' testimony. Weighing the private and public interest factors using the correct evidentiary burden, the trial court here ultimately concluded that [the railroad companies] presented sufficient weighty reasons to warrant dismissal for *forum non conveniens*[.] We discern no abuse of discretion by the trial court in reaching this conclusion. **See Robbins**, 212 A.3d at 90 ("[I]t is within the trial court's

- 24 -

discretion to weigh some factors more heavily than others and weighing the factors is not an exercise in counting numbers.") (citation and quotation marks omitted). Accordingly, we vacate the orders denying the motions to dismiss…and remand to the trial court to dismiss these cases to permit re-filing in an appropriate jurisdiction.

*Ficarra*, 242 A.3d at 337. Thus, in weighing the factors, we concluded the trial court did not abuse its discretion in holding dismissal would be appropriate based on *forum non conveniens* principles in eight of the nine cases consolidated for review in *Ficarra*. *See id.*

However, as noted above, the *Ficarra* Court also affirmed the trial court's decision to deny Consolidated Rail's motion to dismiss in the ninth consolidated case involving plaintiff William R. Anderson (hereinafter "Anderson"). *See id.* at 337-39. Specifically, we noted that the procedural posture of Anderson's case was such that it was "trial ready" with discovery complete and a trial term set by the Philadelphia Court of Common Pleas. *See id.* In addition, this Court noted that Anderson had set forth argument as to the relevance of the testimony of the four former employees of Consolidated Rail and their locations in Pennsylvania. Specifically, this Court provided:

Upon review, it is apparent that contrary to [Consolidated Rail's] claim, the near-trial readiness of Anderson's case was always a factor in ruling on [Consolidated Rail's] motion to dismiss. At the September 20, 2018 hearing, Anderson opposed the motion to dismiss in part because the case was almost trial-ready. Specifically, Anderson's deposition was scheduled for September 28, 2018, discovery was to end November 5, 2018, and trial was set for March 2019. Additionally, unlike the other eight cases, Anderson raised a similar argument to *Robbins*, claiming that the four former [Consolidated Rail] employees' testimony would be relevant to "notice and foreseeability" and as to what

> [Consolidated Rail] knew "about the dangers of the exposure to asbestos [and diesel exhaust[, and] the dangers of cancer relevant to the time [ ] Anderson worked for [Consolidated Rail.]" Finally, Anderson averred not only that Comstock lived in Pennsylvania, but that Kovac also resided in Pennsylvania.
>
> Given this record, we discern no abuse of discretion in the trial court's weighing the private and public interest factors differently than the other eight cases and concluding that "litigation in the plaintiff's chosen forum would serve the interests of justice under the particular circumstances." ***Robbins***, 212 A.3d at 87 (citation and quotation marks omitted).

***Ficarra***, 242 A.3d at 339 (footnote and some citations omitted).

Preliminarily, similar to our initial assessment in ***Ficarra***, we acknowledge the facts of the case *sub judice* appear at first glance to resemble ***Robbins*** and the ***Ficarra*** court's decision as to plaintiff Anderson. However, there are important differences which weigh in favor of dismissal.

First, in considering the private factors, in ***Robbins***, where the decedent worked exclusively in Indiana, the railroad companies indicated it planned to call as witnesses two of the decedent's former supervisors: Dale Mason, who resided in Illinois, and Charles Toney, who resided in Indiana. Both of these supervisors were retired. Robbins identified the four former Consolidated Rail corporate employees, three of whom lived in Pennsylvania and one in Florida.

However, in this case, all of Mr. Rahn's coworkers, supervisors, and his seven diagnosing and treating physicians live outside of Pennsylvania, the majority of whom live in Illinois. Consolidated Rail averred a substantial disruption and cost to its business, as well as greater personal inconvenience and cost to these witnesses, if they are required to travel to Pennsylvania, as

- 26 -

opposed to Illinois. The trial court noted that Mr. Rahn himself, who is a long-time resident of Illinois, admitted in his deposition testimony that he will not be able to travel to Philadelphia for trial in this case due to health problems.[8]

Although the trial court considered that Mr. Rahn identified four witnesses, all of whom formerly worked at the corporate headquarters of Consolidated Rail in Pennsylvania, we agree that Mr. Rahn failed to present a sufficient factual basis to allow the support its claims with respect to the witnesses' current residences and the relevance of their testimony. In our review of the record, we note that Mr. Rahn alleged in his Response to Consolidated Rail's Motion to Dismiss that Ms. Comstock resides in Wayne, Pennsylvania and vaguely alleged that Mr. Thomas and Mr. Kovac "also reside in the Philadelphia area." Response to Motion to Dismiss at ¶ 35. Mr. Rahn did not attempt to identify where Mr. Barringer resides. In addition, Mr. Rahn did not indicate how these particular witnesses could offer specific testimony that would be relevant to Mr. Rahn's claims.

---

[8] We also note that Mr. Rahn's counsel claimed in opposition to Consolidated Rail's motion to dismiss that while Mr. Rahn was unable to attend a deposition in Philadelphia due to "prior complications," Mr. Rahn intended to travel to Philadelphia for trial.

However, we point out that, just hours after Mr. Rahn's counsel filed his supplemental brief on this issue and skirted the issue of whether Mr. Rahn would attend trial in Philadelphia, Mr. Rahn's counsel sent an email to Consolidated Rail's attorneys indicating that he intended to take Mr. Rahn's trial deposition in Chicago, Illinois, instead of having him travel to Philadelphia. Consolidated Rail's Second Supplemental Brief, 10/15/19 (Exhibit 1). We admonish Mr. Rahn's counsel for his failure to be candid in presenting the trial court with all of the relevant facts necessary to reach a decision in his case.

Nevertheless, we note that the trial court determined, "even if these witnesses are relevant to [Mr. Rahn's claims], the undisputed facts make it clear that almost all of the potential witnesses with any connection to the underlying case reside in Illinois, thereby establishing Illinois as a more convenient forum where the litigation could be conducted more easily, expeditiously, and inexpensively." Trial Court Opinion, filed 6/15/20, at 5.

Second, as it pertains to the public factors, in the case *sub judice*, the trial court concluded there would be more administrative difficulties if the case is tried in Philadelphia, Pennsylvania, as opposed to Illinois. **See id**. There was no such finding by the trial court in **Robbins**.

We also acknowledge the similarity of this case to the circumstances presented by one of the individual plaintiffs in **Ficarra** (Anderson). As noted above, this Court found the trial court properly denied Consolidated Rail's motion to dismiss based on *forum non conveniens* in part due to the fact that discovery was complete and the trial date had been set. **See Ficarra**, **supra**. In that case, Anderson had consistently objected to dismissal based on the fact that the case was nearly trial-ready. **See id**.

However, in this case, we find it disingenuous for Mr. Rahn to assert the case should not be dismissed because Consolidated Rail waited eighteen months after Mr. Rahn filed his complaint to file the motion to dismiss. Mr. Rahn fails to acknowledge that, as a result of his averments in his complaint and responses in discovery, Consolidated Rail was unaware of a key operative

fact that would have supported filing an earlier motion to dismiss on the basis of *forum non conveniens*.

As noted above, Mr. Rahn claimed in his amended complaint and his responses to discovery requests that his cancer was caused or contributed to from his exposure to substances while working with Consolidated Rail in Philadelphia. It was not until Mr. Rahn's deposition, which was taken in Chicago, Illinois on April 22-23, 2019, that Mr. Rahn recanted the verified allegations in his complaint and in discovery and for the first time claimed that he was not exposed to toxic substances while he was employed for Consolidated Rail in Philadelphia as he worked at a desk job.

Once it became clear to Consolidated Rail that Mr. Rahn's claims of exposure did not relate to his brief employment in Pennsylvania and instead stemmed from his employment with Consolidated Rail in Illinois, Michigan, Indiana, and Ohio, Consolidated Rail filed its motion to dismiss on the basis of *forum non conveniens*.

Moreover, Mr. Rahn did not raise this timeliness argument in his opposition to the timeliness of Consolidated Rail's motion to dismiss. Mr. Rahn waited until he filed his court-ordered supplemental brief on the *forum non conveniens* issue to argue that Consolidated Rail's motion to dismiss should not be granted when the case was trial-ready.

Thus, considering the entire record, we find no abuse of discretion. The trial court properly weighed the private and public factors using the correct

evidentiary burden and found that Consolidated Rail met its burden of demonstrating "weighty reasons" for dismissal. Thus, we affirm the order granting Consolidated Rail's motion to dismiss.

As this Court has previously recognized, it is within the trial court's discretion to weigh some factors more heavily than others and weighing the factors is not "an exercise in counting numbers." **Bochetto**, 151 A.3d at 1083. **See Hovatter**, **supra** (holding that, in reviewing orders dismissing an action under the doctrine of *forum non conveniens*, if there is any basis for the trial court's decision, the decision must stand).

Affirmed.

Judge Nichols join the Opinion.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/29/21