J-A01004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ROBIN GRAVENOR-REUTER AND STEVEN REUTER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 580 EDA 2024 |
| ACME MARKETS, INC. | : | |

Appeal from the Order Entered February 13, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  230602390

BEFORE:  DUBOW, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                     **FILED MARCH 11, 2025**

Appellants, Robin Gravenor-Reuter and Steven Reuter, appeal from the February 13, 2024 order entered in the Philadelphia County Court of Common Pleas granting the "Motion to Dismiss Based upon the Doctrine of *Forum Non Conveniens*" filed by Appellee Acme Markets, Inc. in this premises liability action.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On June 26, 2023, Appellants, residents of Delaware, filed a complaint in Philadelphia County alleging that Ms. Gravernor-Reuter slipped and fell in an Acme supermarket in Smyrna, Delaware, hitting her head.  Appellants claimed that Appellee, a Delaware corporation whose principal place of business and headquarters is in Malvern, Chester County, failed to maintain the premises

in safe condition and that, as a result, Ms. Gravenor-Reuter suffered, *inter alia*, a serious brain injury.  Mr. Reuter stated a claim for loss of consortium.

Appellee filed an answer to the complaint and, on January 4, 2024, a motion to dismiss for *forum non conveniens* pursuant to 42 Pa.C.S. § 5322(e).[1]  Appellee asserted that Delaware is the appropriate forum for this case because, *inter alia*: (1) the incident occurred in Delaware; (2) Appellants are residents of Delaware; (3) Ms. Gravenor-Reuter received medical treatment exclusively in Delaware and her treating physicians all reside and work in Delaware; and (4) defending this case in Pennsylvania disadvantages Appellee because Ms. Gravenor-Reuter's critical non-expert witnesses, including employees of the Smyrna Acme store, are residents of Delaware over whom the Philadelphia court lack subpoena power.[2]  Appellee further contended that prosecuting this case in Philadelphia placed an unfair burden

_____

[1] Section 5322(e) provides that "[w]hen a tribunal finds that in the interest of substantial justice the matter should be heard in another forum forum[, *i.e.*, state], the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just."  42 Pa.C.S. § 5322(e).

[2] In addition, Appellee also set forth various reasons why Philadelphia County is not the proper venue for this matter pursuant to Pa.R.Civ.P. 2179.  *Forum non convenies* and venue are, however, distinct legal concepts. ***See Zappala v. Brandolini Property Management, Inc.***, 909 A.2d 1272, 1282-83 (Pa. 2006) (discussing challenges to venue brought pursuant to Pa.R.Civ.P. 1006(d) and 1006(e)).  Our review of Appellee's motion indicates that Appellee repeatedly conflated the concepts of *forum non conveniens* and venue and much of its argument pertained to its assertion that Philadelphia County was an improper venue.

on Philadelphia's citizens and court of adjudicating claims that have no connection to Philadelphia.

Appellants filed a response in opposition asserting that public and private factors militated in favor of denying the motion and arguing that the court should not override their forum preference simply because the evidence they need to prove their case is located in Delaware. They further argued that, because Appellee's principal place of business is Pennsylvania, "decision-making regarding its policies and procedures occurred in Pennsylvania and its corporate designee regarding those decisions is in Pennsylvania." Answer, 1/24/24, at 2. Appellants contended that Pennsylvania has a strong public "interest in cases involving Pennsylvania companies where the decision-making in Pennsylvania caused injuries[.]" *Id.*

On February 13, 2024, the trial court granted Appellee's motion to dismiss. This timely appeal followed. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following issues on appeal:

1. Whether the trial court abused its discretion when it improperly created and applied a new lesser standard under 42 Pa.C.S.[] § 5322(e) when it dismissed Appellants' [c]omplaint on *forum non conveniens* grounds because it found that it would be "easier" to litigate this matter in Delaware over Pennsylvania?

2. Whether the trial court abused its discretion when it granted [Appellee's] Motion to Dismiss Based on *Forum Non Conveniens* where Acme's headquarters and principal place of business are in Pennsylvania, [Appellee's] corporate designee(s) and documents regarding its corporate policies and procedures are in Pennsylvania, [Appellee] supervises its operations in Delaware from its corporate headquarters in

> Pennsylvania, and [Appellee] did not produce any affidavits from witnesses stating the relevant information the witnesses possess and why the witnesses cannot drive from the adjoining [s]tate of Delaware?

Appellants' Brief at 7.

Appellants challenge the trial court's determination that dismissal of this action was appropriate based on the doctrine of *forum non conveniens*. The doctrine of *forum non conveniens* permits the trial court to dismiss a case in whole or in part if it "finds that in the interest of substantial justice the matter should be heard in another forum[.]" 42 Pa.C.S. § 5322(e). The party seeking dismissal bears the burden of proof. **Failor v. FedEx Ground Package System, Inc.**, 248 A.3d 527, 535 (Pa. Super. 2021). "Our courts lack the authority to transfer matters to courts of our sister states; [] rather, when appropriate, our courts should dismiss the action to permit re[]filing in another state." **Rahn v. Consolidated Rail Corporation**, 254 A.3d 738, 747 n.6 (Pa. Super. 2021).

The *forum non conveniens* doctrine "provides the court with a means of looking beyond technical considerations such as jurisdiction and venue to determine whether litigation in the plaintiff's chosen forum would serve the interests of justice under the particular circumstances." **Id.** at 747 (citation omitted). Two main factors guide the determination of whether the plaintiff has chosen a proper forum. **Id.** at 748. One is whether the plaintiff has an available alternative forum to refile claims if they are dismissed. **Id.** Here, although the statute of limitations had expired, Appellee stipulated to waive a statute of limitations defense if the trial court granted the motion to dismiss

- 4 -

so that Appellants could refile the action in Delaware.[3] Thus, an alternative forum is available to Appellants.

The second factor, which the parties dispute, is whether "weighty reasons" justify the court's decision to altering the plaintiff's choice of forum. *Id.* The plaintiff's choice of forum must be given a high degree of deference, but to a lesser extent where the plaintiff chooses a foreign forum in which to litigate his claims. *Id.* The assessment of "weighty reasons" implicates both public and private factors. *Id.*

Private factors include:

the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the actions; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial.

*Id.* (citation omitted). Public factors include:

Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is appropriateness, too, in having the trial . . . in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.* (citation omitted). "[I]t is within the trial court's discretion to weigh some factors more heavily than others," because "weighing the factors is not an

_____

[3] *See* Motion to Dismiss, 1/4/24, at ¶ 30.

exercise in counting numbers." *Lyndes v. Penn Central Corporation*, 254 A.3d 725, 738 (Pa. Super. 2021) (citation and internal quotation marks omitted).

*Forum non conveniens* requires the court to consider the relative convenience of the forum state and the state proposed by the defendant as the proper forum. *Failor*, 248 A.3d at 537 (reasoning that in a personal injury action brought in Philadelphia by plaintiff who resided in Hagerstown, Maryland, the determination of *forum non conveniens* required the court to consider the relative convenience of Pennsylvania and Maryland, not Philadelphia and Hagerstown; holding that the court abused its discretion by dismissing the case on ground that Philadelphia was an inconvenient forum).

We review orders granting motions to dismiss under *forum non conveniens* for an abuse of discretion. *Rahn*, 254 A.3d at 747. "This standard applies even where jurisdictional requirements are met. Moreover, if there is any basis for the trial court's decision, the decision must stand." *Id.* "An abuse of discretion occurs if, *inter alia*, there was an error of law or the judgment was manifestly unreasonable. When reviewing for errors of law, the appellate standard of review is *de novo* and the scope of review is plenary." *Id.*

\*\*\*

Appellants contend that the trial court abused its discretion in dismissing its case "where the negligent actions and decisions that ultimately resulted in [Ms.] Gravenor-Reuter's traumatic brain injury took place in Pennsylvania."

Appellants' Brief at 14. They argue that dismissal of their case constituted an abuse of discretion because Appellee failed to establish that substantial justice strongly requires that it be heard in Delaware and because the trial court's analysis demonstrates that neither the public nor the private factors are strongly in Appellee's favor. *Id.* at 15. Instead, Appellants insist that because Appellee has its principal place of business, corporate headquarters, and 51 stores in Pennsylvania, substantial justice strongly militates in favor of litigating this case in Pennsylvania. *Id.* at 15, 22. Appellants also note the trial court neglected to weigh the fact that Appellee's corporate designee regarding its policies and procedures for maintaining its stores is located at its Pennsylvania headquarters and that Appellee promulgates its allegedly injurious policies and procedures from its Pennsylvania headquarters. *Id.* at 19-20, 22, 25. Further, they posit that if the case remains in Pennsylvania, Appellants can compel Appellee's corporate designee to attend trial and any difficulties Appellants have in securing evidence to prove their case have no bearing on Appellee's inconvenience. *Id.* at 20, 23. Last, they note that there is no need for a site visit because the incident was captured on video. *Id.* at 20, 24.

Appellants assert that the trial court also erred with respect to its analysis of the public factors. In support of this assertion, Appellants analogize this case to other cases in which this Court has found that Pennsylvanians have a public interest in cases in which plaintiffs alleged their harms arose from critical corporate manufacturing and marketing decisions

- 7 -

made in Pennsylvania by the defendants. *Id.* at 26-31 (citing *Hunter v. Shire US, Inc.*, 992 A.2d 891 (Pa. Super. 2010); *Wright v. Aventis Pasteur, Inc.*, 905 A.2d 544 (Pa. Super. 2006); *Vaughn Estate of Vaughn v. Olympus Am., Inc.*, 208 A.3d 66 (Pa. Super. 2019). In particular, Appellants argue that, as in those cases, Pennsylvania has a substantial interest in the litigation because, even though Ms. Gravenor-Reuter's injury occurred in Delaware, Appellee developed and promulgated the maintenance and safety policies that caused this specific injury from its Pennsylvania headquarters. *Id.* at 29. Last, Appellants claim that justice is best served by this case remaining in Pennsylvania because there is no way to know how long Appellants will have to wait for the case to go to trial in Delaware if this Court affirms the order on appeal. *Id.* Conceding that Pennsylvania courts have busy dockets, Appellants assert that the trial court abused its discretion by not providing any support for its conclusion that this case could not be timely adjudicated in Pennsylvania or that a Delaware court would adjudicate it more efficiently. *Id.*

\*\*\*

In explaining its decision to grant Appellee's motion, the trial court first noted that, because Appellants reside in and the incident giving rise to the cause of action occurred in Delaware, their choice of forum is entitled to a lesser-degree of deference. Trial Ct. Op., 4/9/24, at 5. With respect to the private factors, the court found that: (1) it is easier for the parties to access sources of proof from within Delaware; (2) because most, if not all of the

- 8 -

parties' witnesses reside in Delaware, it would be less expensive to have them attend trial within an appropriate county of Delaware rather than in Pennsylvania; (3) it is easier for the fact-finder to view the premises from within Delaware; and (4) even though Appellee operates and maintains its headquarters in Pennsylvania, the connection between this case and Pennsylvania is, at most, minimal.  *Id.* at 5-6.

In weighing the public factors, the trial court noted that the Philadelphia County Court of Common Pleas is a "congested center for tort suits like this action, that have little or no connection to Philadelphia." *Id.* at 6.  The court opined that "[t]his is the type of case that should be handled at its origin instead of congested centers, such as Philadelphia, to relieve the strain on our judicial system." *Id.* at 7 (citation and internal quotation marks omitted).  The court emphasized the reasonableness of not imposing the burden of jury duty on the citizens of Philadelphia based upon as minimal connection as is presented here. *Id.*

\*\*\*

Following our review, we conclude that the trial court properly exercised its discretion in granting Appellee's motion to dismiss.  In addition to primarily asking this Court to reweigh the public and private factors, Appellants also contend that, like in *Hunter*, *Wright*, and *Vaughn*, Appellee made critical and relevant corporate decisions from its Pennsylvania headquarters that result in Pennsylvania having a profound public interest in this case.  The contention that Appellee makes the corporate decisions regarding its policies

and procedures for all its stores in Pennsylvania is, however, unsupported by the record. Furthermore, contrary to Appellants' claim, the trial court did not base its decision to dismiss this case solely on where it would be "easier" to litigate it. Rather, the court analyzed and weighed the public and private factors and found the existence of "weighty reasons" to warrant dismissal. Having done so, the trial court properly exercised its discretion in granting Appellee's motion to dismiss. Accordingly, we affirm the order granting Appellee's motion to dismiss based on *forum non conveniens*.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/11/2025