J-A13009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TONYA FOWKES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUDY GREEN | : | |
| | : | |
| Appellant | : | No. 1446 WDA 2024 |

Appeal from the Order Entered October 21, 2024
In the Court of Common Pleas of Blair County Civil Division at No(s):
2024-02652

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

JUDGMENT ORDER BY BOWES, J.:          **FILED: April 24, 2025**

Judy Green appeals, *pro se*, from the October 21, 2024 protection from abuse ("PFA") order that afforded protection to Tonya Fowkes for a period of three years.  As all of Appellant's issues are waived, we affirm.

Appellant is Ms. Fowkes's adult stepdaughter.  The incidents that gave rise to this PFA action commenced almost immediately after the February 12, 2024 death of Ms. Fowkes's husband and Appellant's father.  The following day, Appellant pushed Ms. Fowkes during an altercation outside the Logan Township residence that Ms. Fowkes had shared with her husband.  In the ensuing weeks, Appellant engaged in a pattern of stalking and harassment that included attempting to enter Ms. Fowkes's home, circling the residence in her vehicle, idling in Ms. Fowkes's driveway, and ridiculing her on social media.  The harassment subsided for approximately four months before

resuming in August 2024, after Ms. Fowkes moved to a different residence that she had owned with her husband in Altoona, Pennsylvania.

As Ms. Fowkes was fearful of Appellant's escalating behavior, she filed a PFA petition on August 16, 2024. The trial court issued a temporary no-contact order, and following an evidentiary hearing on October 21, 2024, entered a final order prohibiting any contact between the parties for three years.

Appellant timely filed a notice of appeal, and the trial court issued a Pa.R.A.P. 1925(b) order directing her to file and serve a Rule 1925(b) statement within twenty-one days of the order.[1] Appellant failed to file the concise statement, and the trial court opined that any subsequent issues raised by Appellant should be deemed waived pursuant to *Commonwealth*

---

[1] Specifically, the order provided:

1. The Defendant shall file of record to this Court and serve upon the Plaintiff and the Undersigned, a concise statement of the errors complained of on appeal (the "Statement") no later than twenty-one (21) days after filing and service of this Order.

2. In addition to filing the original Statement of record, Appellant shall personally serve a courtesy copy to the Undersigned by delivering a copy of the Statement to Blair County Court Administration or by mail to 423 Allegheny Street Hollidaysburg, PA 16648.

3. Any issue not properly included in the Statement, timely filed and served, shall be deemed waived.

Order, 11/18/24, at 1.

***v. Lord***, 719 A.2d 306 (Pa.1998) and its progeny. ***See*** Trial Court Opinion, 8/31/24, at 2. Appellant did not seek to belatedly file a Rule 1925(b) statement, and the record was transmitted to this Court.

In her brief, Appellant presents three issues for our review:

1. Did the trial court err in granting a [PFA] order when the parties no longer maintained a qualifying relationship under 23 Pa.C.S. § 6102 at the time of the alleged abuse?

2. Did the trial court commit reversible error by engaging in prohibited *ex parte* communications with [Ms. Fowkes] and other parties on October 21, 2024?

3. Did the trial court abuse its discretion by refusing to consider crucial evidence offered by . . . Appellant during testimony?

Appellant's brief at 5 (cleaned up).

At the outset, we review whether Appellant has waived her claims by failing to comply with Rule 1925(b). Generally, an appellant's failure to comply with Pa.R.A.P. 1925(b) will result in waiver of the issues raised on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

There is no dispute that Appellant did not file a Rule 1925(b) statement. Pursuant to the trial court's November 18, 2024 Rule 1925(b) order, the statement was required to be filed with the clerk of courts and served upon the trial judge within twenty-one days of the entry of the order. As noted, Appellant failed to comply with this directive.

- 3 -

Nevertheless, before this Court may find waiver under Rule 1925(b), we must determine whether the Rule 1925(b) order complied strictly with the requirements of Pa.R.A.P. 1925(b)(3).[2]  *See e.g.*, ***Rahn v. Consol. Rail Corp.***, 254 A.3d 738, 745-46 (Pa.Super. 2021).  Furthermore, in civil cases the clerk of courts must provide written notice of the entry of the order pursuant to Pa.R.Civ.P. 236.

Instantly, the certified record confirms that the trial court's order conformed with the Rule 1925(b)(3) mandates, and the clerk of courts mailed notice to Appellant the same day that the order was entered.  Hence, Appellant's issues are waived pursuant to Rule 1925(b)(4)(vii) due to her

---

[2]  Rule 1925(b)(3) provides:

> *Contents of order.* The judge's order directing the filing and service of a Statement shall specify:
>
> (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
> (ii) that the Statement shall be filed of record;
>
> (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and
>
> (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3).

failure to file the court-ordered concise statement in the PFA appeal. *See e.g.*, *Clawson v. McCluney*, 303 A.3d 743, 2023 WL 4417501, at *2 (Pa.Super. 2023) (non-precedential decision) (concluding that a PFA defendant who failed to include a specific issue within his Rule 1925(b) statement resulted in waiver)  As Appellant waived all issues for purposes of this appeal, we affirm the three-year PFA order.

Order affirmed.  Case removed from the argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/24/2025