J-A27022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ERIN BOYLE AND STEPHEN BOYLE, PARENTS AND NATURAL GUARDIANS OF BB, A MINOR, AND IN THEIR OWN RIGHT | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : | No. 728 EDA 2021 |
| MAIN LINE HEALTH, INC., MAIN LINE HOSPITALS, INC.,  MAIN LINE HEALTHCARE, AND SCOTT BAILEY, MD | : : : : | |

Appeal from the Order Entered March 16, 2021
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2019-15082

BEFORE:  PANELLA, P.J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:　　　　　**FILED JANUARY 10, 2022**

Erin and Stephen Boyle, parents and natural guardians of B.B., a minor, (collectively, "the Boyles"), appeal from the order entered March 16, 2021, in the Montgomery County Court of Common Pleas, striking their objections to subpoenas filed by Main Line Health, Inc., Main Line Hospitals, Inc., Main Line Healthcare, and Scott Bailey, M.D. (collectively, "the Main Line Defendants").[1] The Boyles argue the trial court erred when it struck their objections because the subpoenas sought Stephen Boyle's mental health records, which are

_____

[1] As will be discussed **infra**, the Boyles assert the order at issue is appealable as a collateral order pursuant to Pa.R.A.P. 311.

protected by the psychiatrist-patient privilege.[2]  For the reasons below, we reverse the order striking the Boyles' objections and remand this case for further proceedings.

On June 6, 2019, the Boyles initiated this action by filing a complaint against the Main Line Defendants seeking damages for injuries suffered by their minor son, B.B., during his birth.[3]  The complaint asserted claims for professional negligence — against both the doctor and hospital — negligent infliction of emotional distress with regard to both Erin and Stephen Boyle, and loss of consortium, with regard to Stephen Boyle only.  *See* Boyles' Complaint, 6/6/19, at ¶¶ 38-54.  After the Main Line Defendants filed preliminary objections, the Boyles filed an amended complaint on September 3, 2019, which removed Stephen Boyle's claim for negligent infliction of emotional distress, but retained his claims for damages for past and future "emotional pain and suffering" and loss of consortium.  *See* Boyles' First Amended Complaint, 9/3/19, at ¶¶ 38, 54-58.

During discovery, the Main Line Defendants served the Boyles with notice of their intent to subpoena psychiatrists, Christine Huddleston, M.D., and Jane Mathisen, M.D., seeking Stephen Boyle's complete medical records. On November 23, 2020, the Boyles filed objections to the subpoenas claiming

---

[2] *See* 42 Pa.C.S. § 5944.

[3] The facts surrounding B.B.'s birth on September 2, 2017, and underlying the Boyles' claims, are not relevant to this appeal.

that the records sought contained privileged information.[4]  *See* Boyles' Objection to Defendants' Subpoena Directed to Dr. Christie Huddleston Pursuant to Rule 4009.12 at ¶¶ 5-7; Boyles' Objection to Defendants' Subpoena Directed to Jane Mathisen, MD, Pursuant to Rule 4009.12 at ¶¶ 5-7.  The Main Line Defendants filed a motion to strike the Boyles' objections. After argument, the trial court granted the motion to strike on March 16, 2021. The Boyles filed a notice of appeal that same day.

The following day, March 17, 2021, the Boyles filed an emergency motion to stay the March 16th order pending their appeal.  Thereafter, on March 22, 2021, the trial court entered two orders:  (1) an order **granting the stay pending oral argument** scheduled for March 31st; and (2) an order directing the Boyles to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days, that is, by April 12, 2021.[5]  *See* Orders. 3/22/21.

---

[4] The Boyles asserted that "[t]he proper procedure for discovery of the medical records requested by the subpoena[s] . . . is for [the Boyles'] counsel to review the documents and the[n] provide the discoverable documents to the Defendants[, along with] a privilege log [to] identify which, if any, documents were not produced" and the reasons why they were not produced.  Boyles' Objection to Defendants' Subpoena Directed to Dr. Christie Huddleston Pursuant to Rule 4009.12, 11/23/20, at ¶ 2; Boyles' Objection to Defendants' Subpoena Directed to Jane Mathisen, MD, Pursuant to Rule 4009.12, 11/23/20, at ¶ 2.

[5] We note the trial court docket indicates that notice of the filing of both orders was provided to the parties that same day pursuant to Pa.R.C.P. 236.  *See* Docket, 3/22/21; Pa.R.C.P. 236(a)(2), (b) (requiring the prothonotary to
*(Footnote Continued Next Page)*

Following oral argument on March 31st, the trial court entered an order on April 5th, granting the Boyles' motion to stay pending the outcome of this appeal. On April 27, 2021, the trial court's staff attorney emailed the Boyles' attorney, inquiring as to the status of the Rule 1925(b) statement. That same day, the Boyles filed a Rule 1925(b) statement in the trial court.

On May 31, 2021, the trial court issued an opinion, suggesting that the Boyles waived all of their claims by failing to file a **timely** Rule 1925(b) statement. *See* Trial Ct. Op., 5/31/21, at 3. The court noted that the Boyles only filed their concise statement after the judge's law clerk reached out to the parties. *Id.* Alternatively, the trial court asserted the order on appeal is interlocutory, and not appealable as of right. *See id.* at 3. Furthermore, the trial court opined the order did not qualify as a collateral order, immediately appealable pursuant to Pa.R.A.P. 313(b). *See id.* at 4-6. The court found that Stephen Boyle waived any psychiatrist-patient privilege "[b]y placing his mental and emotional health at issue in this action." *Id.* at 6. Thus, the court suggested we quash this appeal.

On June 16, 2021, the Main Line Defendants filed an Application to Quash with this Court alleging that the order on appeal is interlocutory and does not qualify as a collateral order, and that the Boyles waived all claims for review by failing to file a timely Pa.R.A.P. 1925(b) statement. *See* Main Line

provide written notice of entry of order to each party's attorney and "note in the docket the giving of the notice").

- 4 -

Defendants' Application to Quash Appeal and to Suspend Briefing Schedule, 6/16/21, at 2-3. Following receipt of the Boyles' response, this Court issued a *per curiam* order on September 24th, denying the application to quash without prejudice to the Main Line Defendants' right to reassert the issue in their appellate brief. **See** Order, 9/24/21.

The Boyles raise the following two, related issues on appeal:

1. Whether the trial court erred when it granted [Main Line Defendants'[ ] Motion to Strike the Boyles' Objections to Defendants'[ ] Proposed Subpoena to psychiatrist Jane Mathisen, M.D., because the subpoena seeks Stephen Boyle's mental health records from his psychiatrist, which could and/or do contain privileged information pursuant to 42 Pa.C.S. § 5944 (psychiatrist-patient privilege)[?] Having dismissed his claim for negligent infliction of emotional distress, and in accordance with binding Superior Court precedent, Stephen Boyle has not waived the psychiatrist-patient privilege.

2. Whether the trial court erred when it granted [Main Line] Defendants'[ ] Motion to Strike the Boyles' Objections to Defendants'[ ] Proposed Subpoena to psychiatrist Christie Huddleston, M.D., because the subpoena seeks Stephen Boyle's mental health records from his psychiatrist, which could and/or do contain privileged information pursuant to 42 Pa.C.S. § 5944 (psychiatrist-patient privilege)[?] Having dismissed his claim for negligent infliction of emotional distress, and in accordance with binding Superior Court precedent, Stephen Boyle has not waived the psychiatrist-patient privilege.

Boyles' Brief at 4.

Preliminarily, we must determine whether this appeal is properly before us.[6]  Generally, "an appellate court's jurisdiction extends only to review of final orders."  **Shearer v. Hafer**, 177 A.3d 850, 855 (Pa. 2018).  "In Pennsylvania, final orders are those which (1) dispose of all claims and all parties, (2) are explicitly defined as final orders by statute, or (3) are certified as final orders by the trial court or other reviewing body."  **Id.** at 856, *citing* Pa.R.A.P. 341.

However, Pennsylvania also permits the appeal of collateral orders pursuant to Pa.R.A.P. 313.  Rule 313 provides for an appeal as of right from a collateral order, which is defined as "[1] an order separable from and collateral to the main cause of action where [2] the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."  Pa.R.A.P. 313(a)-(b).  Under the second prong, "a right is important if 'the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule[,]'" and the right "implicate[s] interests 'deeply rooted in public policy [and] going beyond the particular litigation at hand.'"  **Shearer**, 177 A.3d at 858-59 (citations omitted).  Furthermore, "[t]he courts of Pennsylvania have uniformly held that, if an appellant asserts that the trial

---

[6] In their appellee brief, the Main Line Defendants reasserted both of the claims raised in their Motion to Quash.  **See** Main Line Defendants' Brief at 15-24.

court has ordered him to produce materials that are privileged, then Rule 313 applies." **Farrell v. Regola**, 150 A.3d 87, 95 (Pa. Super. 2016) (citation omitted); **see Gormley v. Edgar**, 995 A.2d 1197, 1201 (Pa. Super. 2010) (holding that a discovery order compelling release of mental health records was appealable as a collateral order).

Here, the Main Line Defendants do not dispute that the order at issue is collateral from the main cause of action. **See** Main Line Defendants' Brief at 22. Rather, they argue Stephen Boyle waived any confidentiality privilege by putting his emotional and mental health at issue in his damages claim.[7] **Id.** at 23.

Conversely, the Boyles contend that under Pennsylvania law, the March 16th order is an immediately appealable collateral order. **See** Boyles' Reply Brief at 11. They insist that this Court has held discovery orders, which require the release of documents alleged to be privileged, are immediately appealable. **See id.** at 11-13, *citing* **Commonwealth v. Harris**, 32 A.3d 243, 251 (Pa. 2011) ("reaffirm[ing] . . . that orders overruling claims of privilege and requiring disclosure are immediately appealable under Pa.R.A.P. 313"); **Gormley**, 995 A.2d at 1201.

---

[7] The Main Line Defendants also contend the Boyles waived any argument as to privilege because they failed to file a timely Pa.R.A.P. 1925(b) statement. Main Line Defendants' Brief at 22. As we conclude **infra**, the waiver provisions of Rule 1925(b) do not apply here.

We find no authority supporting the Main Line Defendants' assertion that a trial court's finding that an individual has waived a psychiatrist-patient privilege is not appealable. Rather, Pennsylvania law is clear that the collateral order doctrine applies "when a party is ordered to produce materials **purportedly** subject to a privilege." *Farrell*, 150 A.3d at 95 (citation omitted).

Here, the March 16th order is separate from and collateral to the main cause of action, the psychiatrist-patient privilege is deeply rooted in public policy and too important to be denied review, and the order clearly relates to materials **purportedly** subject to a privilege, which would be irreparably lost if review is postponed. *See* Pa.R.A.P. 313; *see also Farrell*, 150 A.3d at 95. Thus, we conclude that the order on appeal is a collateral order, immediately appealable to this Court.

Having determined the collateral order doctrine applies, and we have jurisdiction to consider the Boyles' appeal, we must now consider whether the Boyles have waived all of their claims by failing to file a timely Pa.R.A.P. 1925(b) statement. *See* Trial Ct. Op. at 3; Main Line Defendants' Brief at 15-21.

When ordered to do so by the trial court, an appellant must file a timely Rule 1925(b) statement to preserve issues for appellate review. *See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*). It is well-settled that any issues not raised in a timely Rule 1925(b) statement are waived on appeal. *See Commonwealth*

*v. Lord*, 719 A.2d 306, 309 (Pa. 1998); *see also* Pa.R.A.P. 1925(b)(4)(vii). This Court has no discretion to review the merits of an untimely Rule 1925(b) statement "based solely on the trial court's decision to address the merits of those untimely raised issues" in its opinion. *Greater Erie*, 88 A.3d at 225. Nevertheless, "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation . . . therefore, we look first to the language of that order." *Rahn v. Consol. Rail Corp.*, 254 A.3d 738, 745–46 (Pa. Super. 2021) (citations omitted). Accordingly, when the court's order "is inconsistent with the requirements of Rule 1925(b)(3)(iii), we hold that the waiver provisions of subsection (b)(4)(vii) do not apply." *Id.* at 746.

In the present case, the Main Line Defendants contend the Boyles waived all their issues on appeal by failing to timely file their concise statement of errors complained of on appeal in violation of Rule 1925(b). They argue that under *Greater Erie*, waiver is automatic where a 1925(b) concise statement is untimely filed, and that, in any event, the Boyles did not request to file their statement *nunc pro tunc*. *See* Main Line Defendants' Brief at 16-17.

In response, the Boyles allege that while they "technically failed to file a timely" statement, they satisfied the purpose of the rule *via* their motion for stay pending appeal. Boyles' Reply Brief at 6-7. Indeed, they insist that "[t]o be successful on their Motion to Stay[, they] were required to make a showing of strong likelihood" of the merits of their appeal. *Id.* at 7. Thus, that filing,

and subsequent argument, "served the same practical purpose of a Rule 1925(b) statement[.]" *Id.* at 9. Further, the Boyles emphasize that the trial court entered two orders on March 22, 2021 — one concerning the motion to stay, and the other concerning the concise statement. Based on an email from the trial court's staff attorney, which referred to the motion to stay, the Boyles assert they believed that it was the **only** order entered that date. *Id.* at 9 n.2. They further claim that when they received an email from the staff attorney on April 27th questioning the status of the concise statement, they filed the statement a few hours later. *Id.* at 9-10. Moreover, they allege that the trial court was able to meaningfully address the substantive merits of their appeal in its 1925(a) opinion.

As noted above, in determining whether there has been waiver due to a late-filed 1925(b) statement, this Court will first consider whether the Order instructing the appellant to file the statement complied with Rule 1925(b)(3). In this case, the trial court's order stated:

> **AND NOW**, this 22nd day of March, 2021, pursuant to Pennsylvania Rule of Appellate Procedure No. 1925(b), the [c]ourt hereby **ORDERS** and **DIRECTS** the [Boyles], **to file of record** in this [c]ourt, and to serve a copy upon the undersigned Judge, a concise statement of the errors complained of on appeal **with respect to the Order entered on March 16, 2021**. The [Boyles] shall file and serve this statement pursuant to Pa.R.A.P. 1925(b)(1), **no later than twenty-one (21) days** from entry of this Order on the docket. The [Boyles] are cautioned that any issue not properly included in the statement timely filed and served pursuant to Pa.R.A.P. 1925 (b) shall be deemed waived.

Order to File Concise Statement, 3/22/21.

- 10 -

Here, although the trial court's order is generally compliant with 1925(b)(3), it fails to designate "the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement" as required by Subsection (b)(3)(iii). **See** Pa.R.A.P. 1925(b)(3)(iii). Because the trial court's order is inconsistent with the requirements of the Rule, we conclude "the waiver provisions of subsection (b)(4)(vii) do not apply."[8] **Berg v. Nationwide Mut. Ins. Co., Inc.**, 6 A.3d 1002, 1011 (Pa. 2010) (plurality).

_____

[8] The Dissent insists that, pursuant to this Court's *en banc* decision in **Greater Erie**, we are constrained to conclude the Boyles have waived all issues on appeal by filing an untimely Rule 1925(b) statement. **See** Dissenting Statement at 1-4. The Dissent further reasons that the holdings in **Rahn** and **Berg** do not control under the facts of this case. Rather, the Dissent would limit the application of those decisions to appeals in which the appellant submitted a timely Rule 1925(b) statement, but failed to properly serve the statement on the trial court. **See** Dissenting Statement at 2-3. In other words, the court's failure to comply with the notice requirements in subsection (b)(3) would provide an avenue for relief only if the defect in the appellant's statement was the result of the court's omission.

We disagree. Rule 1925(b)(3) states that a trial court's order "directing the filing and service of a Statement **shall specify**" four specific things: (1) the number of days the appellant has to file the Statement; (2) that the Statement must be filed of record; (3) that the Statement must be served on the trial judge, and must include the place and address to effectuate that service; and (4) that any issue not included in the Statement will be waived. Pa.R.A.P. 1925(b)(3)(i)-(iv) (emphasis added). Moreover, the Note to Rule 1925 further emphasizes that Subparagraph (b)(3) "specifies what the judge **must advise** appellants when ordering a Statement." Pa.R.A.P. 1925, Note (emphasis added). It would be fundamentally unfair to require appellants to strictly comply with the requirements of Rule 1925, but not require the same diligence from the trial court requesting a Rule 1925(b) statement.

As we have determined the Boyles did not waive their claims on appeal, we may now proceed to the merits of the substantive issues raised. Here, the Boyles' claims concern a discovery order. "In reviewing the propriety of a discovery order, we determine whether the trial court committed an abuse of discretion and, to the extent that we are faced with questions of law, our scope of review is plenary." *T.M. v. Elwyn, Inc.*, 950 A.2d 1050, 1058 (Pa. Super. 2008).

The trial court determined the subpoenaed mental health records at issue were discoverable because Stephen Boyle waived any psychiatrist-patient privilege he may have had when he "plac[ed] his mental and emotional health at issue in this action[.]" Trial Ct. Op. at 6. In doing so, the court cited the following allegations:

1.  In paragraph 38 of the First Amended Complaint, [the Boyles] state that they ". . . will be deprived of the services and society of their son BB and **have in the past and will in the future continue to suffer the emotional pain and suffering, upset and mental distress associated with raising, parenting and caring for their son** who suffered severe and devastating permanent injuries." Plaintiffs are seeking damages relating to their past and continuing emotional distress.

2. In Count V of the First Amended Complaint, Plaintiff Stephen Boyle alleges a claim for **loss of consortium** for which he is seeking damages.

3. Annexed as Exhibit E to Defendant's Motion to Strike Plaintiffs' Objections, is an excerpt from a transcript of a deposition held on October 26, 2020, of Plaintiff Stephen Boyle. At the deposition, Plaintiff Stephen Boyle testified that he "remembers **getting instantly anxious and frightened and confused**" in the delivery room and left until after the delivery.

- 12 -

4. Also from the deposition transcript, Plaintiff Stephen Boyle testified that their child's injuries have impacted his relationship with his wife and that he and his wife were overwhelmed with caring for the child and do not always agree on what to do.

5. In the deposition, Plaintiff Stephen Boyle also indicated that this experience has impacted his ability to reconnect with his wife. Further, that they are struggling to get back a marital, physical relationship.

Trial Ct. Op. at 5 (record citations omitted and emphasis added). Citing **Gormley v. Edgar**, **supra**, the trial court concluded that "[b]y making these type[s] of claims of mental and emotional distress, Plaintiff Stephen Boyle has waived the privilege of confidentiality as to his psychiatric records[.]" **Id.**

The Boyles argue, however, that they did not allege Stephen Boyle suffered any mental injury, severe emotional trauma requiring treatment, or psychiatric/psychological conditions, as would be required to find a waiver of the privilege. **See** Boyles' Brief at 22. They emphasize that, pursuant to **Gormley**, "[a] litigant does not put their mental health or mental condition at issue when they make **general assertions** of emotional or mental pain and suffering. **See** Boyles' Brief at 20. Here, the Boyles contend Stephen Boyle's claim for "emotional injury" resulting from his caring for a child is the type of general "emotional pain and suffering any parent [in his situation] would experience." **Id.** at 22. He did not allege the aggravation of a pre-existing mental condition, nor did he claim he suffers from any diagnosed mental disorder. **Id.** Moreover, the Boyles emphasize that they removed Stephen Boyle's

claim for negligent infliction of emotional distress in the amended complaint. *Id.* With regard to the consortium claim, the Boyles note that they have been "unable to find any case in Pennsylvania that supports the proposition that the psychiatrist-patient privilege is waived where a plaintiff makes a claim for loss of consortium." *Id.* at 23. Accordingly, the Boyles argue the trial court erred in granting the Main Line Defendants' motion to strike their objections to the subpoenas at issue "without an opportunity by the Boyles' counsel to redact or remove privileged information." *Id.* at 23-24.

The psychiatrist-patient privilege protects confidential information shared between a psychologist or psychiatrist and his client. *See* 42 Pa.C.S.A. § 5944. However, as this Court held in *Gormley*, "[t]he privilege is not absolute[, and] may be waived in civil actions 'where the client places the confidential information at issue in the case.'" *Gormley*, 995 A.2d at 1204 (citation omitted). The *Gormley* decision, upon which both parties rely, is instructive.

In that case, the plaintiff filed a lawsuit seeking damages for personal injuries she sustained in a car accident. *Gormley*, 995 A.2d at 1200. During discovery, the defendant subpoenaed some of the plaintiff's medical records, including those related to an emergency room visit in March of 2005. *Id.* After the plaintiff's objection to the subpoena was stricken, she provided a "privilege log" asserting that she was withholding those specific records as privileged mental health records. *Id.* The defendant filed a motion to compel

- 14 -

the plaintiff to release the records, which, following an *in camera* hearing, the court granted. *Id.* The plaintiff filed an appeal to this Court. *Id.*

On appeal, this Court affirmed, concluding "the trial court did not abuse its discretion in holding [the plaintiff] had waived any privilege in the records and that they were subject to disclosure." *Gormley*, 995 A.2d 1206. The *Gormley* Court stated that "**general averments** of shock, mental anguish and humiliation . . . neither place a party's mental condition at issue nor result in a waiver of privilege." *Id.* at 1205 (emphasis added). However, it explained:

> In contrast, allegations of mental injury, severe emotional trauma requiring treatment, or psychiatric/psychological conditions may, if otherwise relevant, result in a waiver of privilege protecting confidential communications pertaining to prior treatment for those conditions.

*Id.*

Although the plaintiff in *Gormley* insisted she did not intend to present psychiatric testimony at trial, the trial court "focused" on the following allegation in her complaint:

> that, as a result of [the defendant's] negligence, she . . . has been unable to attend to her usual duties and occupations, avocations and enjoyment of life, all to her great loss, frustration **and anxiety**, and she may continue to be so disabled for an indefinite time in the future.

*Id.* at 1204 (record citation omitted and emphasis added). This Court agreed that the plaintiff "directly placed her mental condition at issue when she alleged she suffered from anxiety[ — a recognized mental condition —] as a result of the accident[,]" and concluded it would be "unfair for [her] to seek

- 15 -

recovered for anxiety if that mental issue predated the accident." ***Id.*** at 1206 (footnote omitted).

In the present case, however, we conclude that Stephen Boyle did **not** directly place his mental condition at issue by making allegations of anxiety, mental injury, severe emotional trauma requiring treatment, or psychiatric/psychological conditions. ***See Gormley***, 995 A.2d at 1205-06. Rather, Stephen Boyle's allegation of "emotional pain and suffering, upset and mental distress associated with raising, parenting and caring for [his] son who suffered severe and devastating permanent injuries," is a general averment similar to those in ***Gormley***, that this Court found did not place the party's mental condition at issue or result in a waiver of privilege. Boyles' First Amended Complaint at ¶¶ 38; ***Gormley***, 995 A.2d at 1205. Further, his deposition testimony that he remembers getting instantly **anxious**, frightened, and confused in the delivery room is not a claim that he suffers from the mental disorder of anxiety. ***See*** Trial Ct. Op., at 5. Lastly, neither the trial court, nor the Main Line Defendants, provide any authority to support the argument that a party waives any psychiatrist-patient privilege by simply asserting a loss of consortium claim.

Accordingly, we are constrained to conclude the trial court's finding that Stephen Boyle waived his psychiatrist-patient privilege is not supported by the record. Therefore, we vacate the court's order striking the Boyles' objections to the subpoenas of psychiatrists, Christine Huddleston, M.D., and Jane

Mathisen, M.D., and remand the case to the trial court for further proceedings consistent with this Memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

President Judge Panella joins the Memorandum.

Judge Dubow files a Dissenting Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2022