J-A06019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS & SONS CONTRACTING LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NVR, INC., SHANNON STALEY & | : | No. 735 WDA 2019 |
| SONS LLC | : | |

Appeal from the Order Entered April 12, 2019
In the Court of Common Pleas of Butler County
Civil Division at No(s): 18-10115

BEFORE:   MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY SULLIVAN, J.:          **FILED: FEBRUARY 25, 2022**

Thomas & Sons Contracting LLC ("Thomas") appeals from the order dismissing its second amended complaint against NVR, Inc. ("NVR") and Shannon Staley & Sons LLC ("Staley") (collectively "Appellees").  We affirm.

Given this disposition, we briefly summarize the relevant procedural history.  Thomas sued Appellees for tortious interference of existing and prospective contractual relations, defamation, civil conspiracy, and breach of contract.  Appellees filed preliminary objections to Thomas's second amended complaint asserting, in part, that several of Thomas's claims were legally insufficient.  *See* Pa.R.Civ.P. 1028(a)(4).  In February 2019, the trial court sustained Appellees' preliminary objections, but granted Thomas leave to file a third amended complaint for defamation and civil conspiracy against NVR.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Subsequently, the parties agreed to a final order and judgment dismissing Thomas's second amended complaint with prejudice.[1]  Thomas timely filed a notice of appeal.

On May 15, 2019, the trial court entered an order for Thomas to file and serve the trial judge with a Pa.R.A.P. 1925(b) statement within twenty-one days.  Thomas timely filed its Rule 1925(b) statement but did not serve a copy on the trial judge.  On June 24, 2019, the trial court filed a Rule 1925(a) opinion concluding that Thomas waived all issues for appeal by failing to serve it with the Rule 1925(b) statement.  Thomas filed a petition for leave to file its Rule 1925(b) statement *nunc pro tunc.*  The trial court held a hearing and then denied the petition.

NVR filed an application in this Court to dismiss the appeal based on Thomas's failure to serve the trial court with its Rule 1925(b) statement.  We denied NVR's application without prejudice to the parties to raise the issue in a new application or in their briefs.  Order, 8/9/19.  Thomas then filed its brief and requested "the opportunity to respond by reply brief" if NVR again raised Thomas's non-compliance with Rule 1925.  Thomas's Brief at 25.  NVR filed its brief raising anew the Rule 1925 issue.  NVR's Brief at 4.  Thomas did not file a reply brief.

---

[1] The trial court dated its order April 11, 2019, and the order was docketed on April 12, 2019.

Before we may address the merits of Thomas's issues, we must determine whether it preserved its claims for our review.

> Our courts have consistently held that in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. In **Forest Highlands Community Ass'n v. Hammer**, 879 A.2d 223, 229 (Pa. Super. 2005), this Court found that the appellant waived her issues on appeal by failing to serve the trial judge with her court-ordered Rule 1925(b) statement.

**Rahn v. Consol. Rail Corp.**, 254 A.3d 738, 745 (Pa. Super. 2021) (some citations and quotation marks omitted).

"[I]n determining whether an appellant has waived issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation . . . therefore, we look first to the language of that order." **In re Estate of Boyle**, 77 A.3d 674, 676 (Pa. Super. 2013). At the time of the trial court's order, Rule 1925 stated, in relevant part:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> (1) *Filing and servi*ce.—Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties

shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

* * * *

(3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

> (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

> (ii) that the Statement shall be filed of record;

> (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

> (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b) (subsequently amended effective Oct. 1, 2019).

If the trial court's order does not comply with the content requirements of Rule 1925(b), waiver will not apply. *See Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1011 (Pa. 2010) (plurality) (declining to find waiver because, in part, the trial court did not expressly instruct the appellants to serve the trial judge with a copy of their Rule 1925(b) statement); *Rahn*, 254 A.3d at 746 (declining to find waiver when the trial court's order failed to specify service on the trial judge and the place for service to occur).

Furthermore, strict application of the waiver provisions of Rule 1925 necessitates strict interpretation of the rules regarding notice of Rule 1925(b) orders. *See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 226 (Pa. Super. 2014). In particular, the failure by the

prothonotary to give written notice of the entry of a court order and to note on the docket that notice was given will prevent waiver. ***See id.***

Instantly, the trial court's order for Thomas to file and serve a Rule 1925(b) statement stated:

> **AND NOW**, this 14th day of May, 2019, in light of [Thomas] having filed a Notice of Appeal to Superior Court in this matter with respect to the [o]rder of [c]ourt under date of April 11, 2019, it is hereby ORDERED pursuant to Pennsylvania Rules of Appellate Procedure, Rule 1925(b), that [Thomas] file of record in the lower court and serve on the trial judge, a Concise Statement of the Matters Complained of on Appeal no later than twenty-one (21) days from the date of this [o]rder of [c]ourt. Any issue not properly included in the Statement timely filed and served shall be deemed waived. Said service shall be to the following address . . .

Order, 5/15/19. Additionally, a certificate of mailing indicated that the prothonotary served Thomas's counsel with the order by first class mail on May 15, 2019, and the trial court docket reflects the entries on May 15, 2019 for the filing order and service of the order to Thomas's counsel.

The trial court's order here, unlike in ***Berg*** and ***Rahn***, complied with the content requirements of Rule 1925(b)(3) by instructing Thomas to serve the trial judge and specifying the place for service. Furthermore, the record establishes the prothonotary's compliance with the service and notice provisions for the trial court's order. Accordingly, we discern no breakdown excusing Thomas's failure to serve the trial judge with its Rule 1925(b)

statement,[2] and we must conclude that Thomas waived its issues by failing to serve the trial judge as set forth in the Rule 1925(b) order. ***See Forest Highlands***, 879 A.2d at 229. Because Thomas has failed to preserve any issues for appeal, we affirm the April 12, 2019 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/25/2022

---

[2] At the hearing, Thomas's counsel admitted the failure to serve the trial judge. N.T., 7/9/19, at 2. Counsel explained that he had not detected a clerical error omitting the trial judge's name from the certificate of service before he filed and served the statement. ***Id.*** at 2-3.