J-A23044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: I.M.R., AN ALLEGED INCAPACITATED PERSON | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: WILLIAM CARDWELL | : : : : : : : : : | No. 728 MDA 2022 |

Appeal from the Decree Entered April 8, 2022
In the Court of Common Pleas of Huntingdon County Orphans' Court at
No(s): 2021-281

BEFORE: BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED: MARCH 16, 2023**

William Cardwell appeals from the April 8, 2022 decree adjudicating I.M.R. to be a totally incapacitated person and appointing Huntingdon-Bedford-Fulton Area Agency on Aging (the Agency") as the permanent plenary guardian of the person and estate of I.M.R. We remand for the preparation of a supplemental orphans' court opinion explaining the reasons for its adjudication or specifying where in the record such reasons may be found.

I.M.R. was born in November 1938. In 2014, I.M.R. displayed symptoms of cognitive decline and memory loss that would eventually be diagnosed as vascular dementia, a progressive condition which impairs her ability to function independently. Immediately prior to September 2021, she

_____

[*] Former Justice specially assigned to the Superior Court.

resided with her adult son, Appellant, who exercised power of attorney on her behalf. The agency became involved with the family on September 13, 2021, after a stranger discovered I.M.R. wandering alone, unable to state her name, and indicating that she did not want to live with her son. N.T., 12/20/21, at 24. Appellant refused to cooperate fully with the Agency's subsequent investigation of the incident. *Id*. at 25-27.

On December 6, 2021, the Agency sought and received the appointment of an emergency plenary guardian of both the person and estate of I.M.R. Thereafter, on December 15, 2021, the Agency filed a petition to adjudicate incapacity and to appoint a permanent plenary guardian for the person and estate of I.M.R. The petition alleged that I.M.R. needed daily care and supervision to ensure her safety, and it averred that no alternative to the appointment of a guardian had been considered.

Following four non-consecutive evidentiary hearings, the orphans' court entered the above-described decree adjudging I.M.R. to be totally incapacitated and appointing the Agency as the permanent plenary guardian of both the person and estate of I.M.R. Appellant timely filed a notice of appeal, and the orphans' court filed a Pa.R.A.P. 1925(b) order directing him to file and serve a Rule 1925(b) statement within twenty-one days of the order. Appellant failed to file the statement within the allotted period. Instead, he filed the statement five days late. Then, without leave of court, he filed an amended statement two weeks later. Finding all the issues to be

waived, the orphans' court declined to address the merits of any of the issues presented.

Appellant's brief reiterates six of the issues that he included in his untimely Rule 1925(b) statement:

1. Did the orphans' court abuse its discretion or make an error of law when it granted the Huntingdon- Bedford- Fulton Area Agency on Aging's motion for access to records without giving [I.M.R.] or William Cardwell an opportunity to respond?

2. Did the [orphans'] court abuse its discretion or make an error of law when it granted emergency guardianship without a hearing when there was no adequate proof of an actual emergency?

3. Did the [orphans'] court abuse its discretion or make an error of law when it prohibited Shaun O'Toole, Esq., [I.M.R.'s] previous attorney, from representing [her] . . . in this matter?

4. Did the [orphans'] court abuse its discretion or make an error of law when it failed to appoint William Cardwell as guardian of [I.M.R.'s] person despite no Area Agency on Aging observ[ations] inside their home; only one caretaker witness who observed William Cardwell and [I.M.R.] together inside the home over a span of a few months; and [evidence that I.M.R.] walk[ed] away from the home on one brief occasion three months before the guardianship petition was filed?

5. Did the [orphans'] court abuse its discretion or make an error of law when it failed to appoint William Cardwell as guardian of [I.M.R.'s] estate in light of four witnesses and the estate planning documents presented clearly stating [I.M.R.'s] desired intention for William Cardwell to inherit everything from her and the ability to make gifts to himself?

6. Did the [orphans'] court abuse its discretion or make an error of law when it voided the deed signed by William Cardwell in light of the fact that the Area Agency on Aging never requested that

William Cardwell be removed as power of attorney of [I.M.R.] and the court did not remove him prior to signing the deed?[1]

Appellant's brief at 4-6 (cleaned up) (unnecessary capitalization omitted).

At the outset, we consider whether Appellant has waived his claims by failing to comply with Rule 1925(b). Generally, an appellant's failure to timely comply with Pa.R.A.P. 1925(b) will result in waiver of the issues raised on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

There is no dispute that Appellant filed an untimely Rule 1925(b) statement. Pursuant to the orphans' court's Rule 1925(b) order, the statement was required to be filed with the clerk of the orphans' court and served upon the orphans' court judge by May 26, 2022, twenty-one days after the entry of the order. Appellant filed the statement on May 31, 2022, five days late. It is unclear when, if ever, Appellant served the Rule 1925 statement upon the orphans' court judge.

Nevertheless, before this Court may find waiver under Rule 1925(b), we must determine whether the orphans' court's Rule 1925(b) order complied

---

[1] In a separate order, the orphans' court invalidated a March 18, 2022 transfer of land stating that "if there was a valid power of attorney, the alleged agent has failed to act in good faith and failed to act loyally for the principal's benefit." Orphans' Court Order, 4/7/22. As Appellant failed to appeal that order, this Court will not address it or the propriety of the deed referenced in Appellant's statement of questions presented.

strictly with the requirements of Pa.R.A.P. 1925(b)(3). ***See e.g., Rahn v. Consol. Rail Corp.***, 254 A.3d 738, 745-46 (Pa.Super. 2021). In the case at bar, the orphans' court's order stated:

> AND NOW, this 5th day of May, 2022, having filed a Notice of Appeal in the above-captioned matter, [Appellant] is directed to file of record a Statement of Errors Complained of on Appeal within twenty-one (21) days from this date. Said Statement shall be filed of record with the Clerk of the Orphans' Court and served on this Court and opposing counsel. Any issue not properly raised shall be deemed waived.

Order, 5/5/22. Significantly, the orphans' court neglected to "specify . . . both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement." ***See*** Pa.R.A.P. 1925(b)(3)(iii).[2]

---

[2] Rule 1925(b)(3) provides:

> *Contents of order.* The judge's order directing the filing and service of a Statement shall specify:
>
> (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
>
> (ii) that the Statement shall be filed of record;
>
> (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and **both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement.** In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and
>
> (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3) (emphasis added) (effective October 1, 2019).

Our decision in **Rahn** is instructive. In declining to find waiver in a similar, but admittedly different situation that involved the failure to simultaneously serve upon the trial court a timely-filed Rule 1925(b) statement, we first observed that "in determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation . . . therefore, we look first to the language of that order." **Id**. at 746-47 (quoting **In re Estate of Boyle**, 77 A.3d 674, 676 (Pa.Super.2013)). Thereafter, we reasoned that the failure to serve a Rule 1925(b) statement on the trial court did not warrant waiver because the trial court's Rule 1925(b) order neglected to identify the address to serve the statement on the trial court judge. **Id**. at 747 ("[T]he trial judge failed to follow the express requirement of the amended Rule 1925(b) to provide [the appellant] with specific information on how to serve his 1925(b) statement. . . . In light of these defects in the order, we decline to quash the appeal.").

Instantly, the orphans' court order, like the order in **Rahn**, did not conform with Rule 1925(b)(3)(iii)'s requirement to identify "the address to which the appellant can mail the Statement." Hence, Appellant's failure to file a timely Rule 1925(b) concise statement is not grounds to find waiver pursuant to Rule 1925(b)(4)(vii).

While **Rahn** involved a slightly different situation concerning improper service of a timely filed statement, this is a difference without distinction, and

the rule expressed in **Rahn** requiring a non-defective Rule 1925(b) order applies in the present case. Our perspective is buttressed by the Note to Rule 1925, which emphasizes that Subparagraph (b)(3) "specifies what the judge **must** advise appellants when ordering a Statement." Pa.R.A.P. 1925, Note (emphasis added). Instantly, the court was required to, *inter alia*, identify both the location to serve the statement in person and the address to mail it. It provided neither. To excuse the orphans' court's omission in support of finding waiver in this case would be inequitable. **See Boyle v. Main Line Health**, **Inc.**, 272 A.3d 466 (Pa.Super. 2022) (non-precedential decision at 11 n.8) (explaining, "Where the trial court's order is inconsistent with the requirements of Rule 1925(b)(3)(iii), we hold that the waiver provisions of subsection (b)(4)(vii) do not apply. It would be fundamentally unfair to require appellants to strictly comply with the requirements of Rule 1925, but not require the same diligence from the trial court requesting a Rule 1925(b) statement.").

As the orphans' court's Rule 1925(b) order is facially deficient, we conclude that Appellant's failure to file a Rule 1925(b) statement did not render his claims waived on appeal. However, rather than attempt to address the merits of the six issues that are both asserted in Appellant's May 31, 2022 Rule 1925(b) statement and raised on appeal without the orphans' court's explanation of its reasons for fashioning the guardianship order, we direct the

orphans' court to draft a supplemental opinion that outlines the reasons for its order or specifies where in the record such reasons may be found.[3]

Accordingly, we remand this case to the Court of Common Pleas of Huntingdon County for issuance of an opinion pursuant to Pa.R.A.P. 1925(a). The orphans' court shall file its Rule 1925(a) opinion within thirty days of receipt of the certified record.

Remanded with instructions. Jurisdiction retained.

Judge McCaffery joins this Memorandum.

P.J.E. Stevens files a Dissenting Statement.

_____

[3] In addition to finding all of Appellant's issues waived pursuant to Rule 1925(b), the orphans' court provided the alternate rationale that "the extensive record in this matter speaks for itself and establishes beyond a reasonable doubt that [I.M.R.] is both incapacitated and in need of an independent guardian of her person and estate (i.e., an entity person other than [Appellant.]")."  Orphans' Court Rule 1925(a) Opinion, 5/27/22, at 2. Contrary to the orphans' court's assertion, the general reference to the certified record is an inadequate explanation of the reasons for its order and fails to address Appellant's specific contentions.  At a minimum, Rule 1925(a) requires that the court "specify where in the record where such reasons may be found."  Pa.R.A.P. 1925(a).