J-A23044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: I.M.R., AN ALLEGED INCAPACITATED PERSON | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: WILLIAM CARDWELL | : : : : : : : | |
| | : | No. 728 MDA 2022 |

Appeal from the Order Entered April 8, 2022
In the Court of Common Pleas of Huntingdon County Orphans' Court at
No(s):  2021-281

BEFORE:   BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

DISSENTING STATEMENT BY STEVENS, P.J.E.: **FILED: MARCH 16, 2023**

Appellant's outright failure to file a timely Rule 1925(b) statement should not be rewarded. Randomly ignoring the rules of waiver will lead to inconsistent decisions of this court, permit disparate treatment of litigants, unfairly discriminate against those who follow the rules and cause confusion among the trial judges.   Thus, I respectfully disagree with Majority's conclusion that this case should be remanded for the preparation of a supplemental opinion. Rather, I would affirm the decision of the Orphans' Court that all of Appellant's claims are waived.

This Court has long recognized that a party who files an untimely Rule 1925(b) statement waives all of his issues on appeal.  ***Commonwealth v.***

---

[*] Former Justice specially assigned to the Superior Court.

*Thompson*, 39 A.3d 335, 341 (Pa.Super. 2012) (citation omitted); *see also* Pa.R.A.P. 1925(b)(4)(vii). In *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222 (Pa.Super. 2014), an *en banc* panel of this Court concluded that "it is no longer within this Court's discretion to ignore the internal deficiencies of 1925(b) statements" and reaffirmed the rule that a party who files an untimely Rule 1925(b) statement has waived all issues raised on appeal. *Id.* at 224, 227; *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (reaffirming the "bright-line rule first set forth in [*Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998)]" and holding that an untimely Rule 1925(b) statement results in waiver of all issues on appeal).

Instantly, the orphans' court ordered Appellant to file a Rule 1925(b) concise statement within 21 days of the date of its May 5, 2022 order, or by May 26, 2022. Appellant filed his initial Rule 1925(b) on May 31, 2022, five days after the expiration of the deadline. Appellant further acknowledged in a certificate of service that this concise statement was mailed on May 27, 2022, which is also past the deadline.

Thereafter, Appellant filed an untimely amended concise statement on June 13, 2022. The record contains no indication that Appellant sought, or that the orphans' court granted, an extension of time for filing. The orphans' court correctly declined to address the substantive merits of Appellant's claims in its Rule 1925(a) opinion and found waiver under Rule 1925. *See* orphan's court Rule 1925(a) opinion, 5/27/22 at 1, ¶ 3.

Respectfully, the Majority's reliance on **Rahn v. Consol. Rail Corp.**, 254 A.3d 738 (Pa.Super. 2021), in support of its conclusion that the Orphans' Court's order is facially deficient under Rule 1925(b)(3)(iii), is misplaced. **Rahn** is distinguishable in that it involved a situation concerning the improper service of a timely-filed Rule 1925(b) statement, which is clearly not the case here. Moreover, the non-precedential decision in **Boyle v. Main Line Heath, Inc.**, 272 A3d 466 (Pa.Super. 2022), is distinguishable.

Accordingly, I would find that Appellant has waived all his claims on appeal by failing to timely comply with Rule 1925(b) and would affirm the April 8, 2022 final decree of the orphans' court.

Therefore, I respectfully dissent.