J-A05018-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| NELSON COLON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAISHALY CARO | : | |
| | : | |
| Appellant | : | No. 1934 EDA 2025 |

Appeal from the Order Entered May 22, 2025
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2024-FC-1210

BEFORE:  KUNSELMAN, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED MAY 13, 2026**

Appellant Taishaly Caro (Wife) appeals from the order denying her petition to open or vacate the divorce decree terminating her marriage to Appellee Nelson Colon (Husband).  We affirm.

Briefly, on December 2, 2024, Husband filed a divorce complaint and, after Wife failed to answer, on March 13, 2025 the trial court entered a divorce decree.  *See* Trial Ct. Op., 8/14/25, at 1.  On April 4, 2025, Wife filed a petition to open or vacate the decree, alleging that her counsel had "inadvertently failed to file a response" and seeking equitable distribution.  *Id.* at 1-2.  The trial court denied the petition on May 22, 2025.  *See id.* at 2.

Wife filed a timely notice of appeal.  On June 24, 2025, the trial court issued a Rule 1925(b) order that "directed Wife to file of record in the trial court and serve on the trial judge a concise statement of the errors complained of on appeal within 21 days."  Trial Ct. Order, 6/24/25.  The Rule 1925(b)

order also provided the address for service on the trial judge. ***See id.*** On July 14, 2025, Wife electronically filed a Rule 1925(b) statement with Lehigh County's civil clerk of judicial records. Wife's certificate of service indicated that Husband's counsel had been served by mail but did not indicate service on the trial judge. ***See*** Wife's Rule 1925(b) Statement, 7/14/25. The trial court issued a Rule 1925(a) opinion wherein it noted that Wife had failed to serve the trial judge with the Rule 1925(b) statement. ***See*** Trial Ct. Op., 8/14/25, at 4.

On appeal, Wife raises the following claims:

1. Whether the trial court abused its discretion by failing to conduct an evidentiary hearing before denying the petition to open or vacate the divorce decree under 23 Pa.C.S. § 3332?

2. Whether the trial court erred in concluding that 23 Pa.C.S. § 3502(e) was inapplicable to [Wife's] preserved right to equitable distribution?

3. Whether the trial court's reliance on procedural finality conflicted with Pennsylvania's policy favoring substantive adjudication on the merits?

4. Whether the trial court erred in concluding that [Wife] failed to serve her [Rule 1925(b) statement]?

Wife's Brief at 7.

Before addressing Wife's claims, we consider whether the claims are waived by Wife's failure to serve the trial judge with her Rule 1925(b) statement. ***See*** Trial Ct. Op. at 4; ***see also*** Husband's Brief at 10-12; Wife's Brief at 7, 23-26.

Rule 1925(b) provides, in relevant part, as follows:

- 2 -

(1) *Filing and Service*. The appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record shall be as provided in Pa.R.A.P. 121(a) . . . . Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order.

\* \* \*

(3) *Contents of order.* The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(1), (3).

An appellant waives all issues on appeal when she fails to comply with the requirements of Rule 1925(b). *See Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005); *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (holding that, where a trial court issues an order directing the filing of a Rule 1925(b) statement, appellants must comply with that order to preserve claims for appellate review and any issues not raised therein will be deemed waived); *Rahn v. Consolidated Rail Corp.*, 254 A.3d 738, 745 (Pa. Super. 2021) (same).

*Schofield* explained that

the requirement of strict compliance with Pa.R.A.P. 1925(b) guarantees a trial judge's ability to focus on the issues raised by the appellant, and . . . allows for meaningful and effective appellate review. Moreover, a bright-line rule eliminates the potential for the inconsistent results that existed . . . when trial courts and appellate courts had discretion to address or to waive issues raised in non-compliant Pa.R.A.P. 1925(b) statements. [N]on-compliance creates substantial problems on appeal, [such as] whether the trial court received the statement within the required time period.

*Schofield*, 888 A.2d at 774-75. Further, "the service requirements in Rule 1925(b) are not satisfied when the appellant simply mails his 1925(b) to the presiding judge of the court or merely files the statement with the prothonotary, . . . [as] it is not the trial court's responsibility to manually search the prothonotary's files." *Rahn*, 254 A.3d at 745 (citation omitted).

Here, Wife does not claim that she served her Rule 1925(b) statement on the trial judge as directed in the Rule 1925(b) order. Instead, Wife claims that she timely filed and served her 1925(b) statement "through the [county's electronic filing] portal and that all filings were made in good faith reliance on the system's automatic transmission process." Wife's Brief at 23 (citing N.T., 5/21/25 at 3-4). However, Rule 1925(b) requires an appellant to **serve** a copy of her Rule 1925(b) statement on the trial judge, in addition to filing the 1925(b) statement with the trial court. *See* Pa.R.A.P. 1925(b)(1); *see also Schofield*, 888 A.2d at 774-75; *Rahn*, 254 A.3d at 745; *Castillo*, 888 A.2d at 780. Here, Wife conflates filing with the trial court with service on the trial judge, whereas Rule 1925 and the trial court's order address filing and service

- 4 -

as two distinct procedures. **See** Pa.R.A.P. 1925(b)(3); Trial Ct. Order, 6/24/25; **see also Commonwealth v. Hamilton**, 1325 MDA 2022, 2023 WL 4761388, at *2 (Pa. Super. filed July 26, 2023) (unpublished mem.).[1]

The record reflects that the trial court discovered Wife's Rule 1925(b) statement "by a search of the docket during preparation" of its opinion and, in fact, addressed Wife's claims in its Rule 1925(a) opinion. Trial Ct. Op. at 4-7. Wife essentially asks this Court to conclude that, because the trial court was able to track down her Rule 1925(b) statement and respond to her claims on appeal, the service requirements of Rule 1925(b) were satisfied. **See** Wife's Brief at 26. However, the trial court was not required to search the prothonotary's files for Appellant's statement; further, given the lack of service on the trial judge, it is immaterial that the trial court in fact addressed Appellant's claims. **See Rahn**, 254 A.3d at 745; **Schofield**, 888 A.2d at 774-75 (holding that Rule 1925(b)'s "automatic waiver" applied regardless of whether the trial court addressed the merits of the appellant's claims in its opinion).

Accordingly, on this record, we are constrained to conclude that Wife has waived her claims on appeal, as electronic service on the trial court did not effectuate service on the trial judge and, therefore, Wife failed to timely serve the trial judge as clearly directed in the trial court's Rule 1925(b) order.

---

[1] We may cite to unpublished memorandum decisions of the Superior Court filed after May 1, 2019, for their persuasive value. **See** Pa.R.A.P. 126(b).

*See Schofield*, 888 A.2d at 774-75; *see also Rahn*, 254 A.3d at 745; *Castillo*, 888 A.2d at 780; *Hamilton*, 2023 WL 4761388, at \*2; Pa.R.A.P. 1925(b)(3)(iii), (4)(vii).

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/13/2026